PER CURIAM.
Appellant, convicted of handling and fondling a child under the age of fourteen, raises two points on appeal, the first of which we find has no merit and the second of which we certify as a question of great public importance.
In 1986, appellant was sentenced to ten years of probation. In July of 1988, appellant’s probation was revoked and he was sentenced to fifteen years, suspended to thirty months incarceration with the remaining twelve-and-one-half years to be served on probation. Included in the probation order was a provision forbidding appellant from having unsupervised contact with minors.
In October of 1990, the court sentenced appellant on the basis of a violation of his probation to nine years incarceration plus three years probation, again with the probation condition that appellant not have any unsupervised contact with minors.
Although appellant argues that the condition of probation is unconstitutionally vague and must be stricken, we believe that, under the circumstances of this case, the restriction was not overly vague.
Appellant also argues that the court improperly departed from the guidelines when it sentenced him to nine years incarceration plus three years probation. He maintains that a second violation of probation does not constitute a valid basis for departure beyond the one-cell bump allowed under the guidelines. This court has certified this question to the Supreme Court. See Moten v. State, 579 So.2d 916 (Fla. 2d DCA 1991).
As in Moten, we affirm the judgment and sentence, including the departure, and certify to the Florida Supreme Court the following question of great public importance:
DOES A SECOND VIOLATION OF PROBATION CONSTITUTE A VALID BASIS FOR A DEPARTURE SENTENCE BEYOND THE ONE-CELL DEPARTURE PROVIDED IN THE SENTENCING GUIDELINES?
CAMPBELL, A.C.J., and LEHAN and THREADGILL, JJ., concur.