658 So.2d 642 (1995)
Anthony GRAHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2573.
District Court of Appeal of Florida, Fifth District.
July 28, 1995.
*643 W. SHARP, Judge.
Graham argues on appeal that the special condition of his probation which forbids any contact with children under the age of seventeen years, including his two stepchildren, is too broad and has no reasonable relationship to his criminal conduct. The State concedes the condition is too broadly written, but it argues the prohibition against contact with the stepchildren is valid, even though they were not victims of the crimes for which Graham was convicted. We agree the condition is too broad and we remand for reconsideration of the special condition.
In 1987 Graham pled nolo contendere to one count of lewd and lascivious assault upon a child.[1] He was sentenced to 2 1/2 years in prison, followed by 12 1/2 years on probation. One of the conditions of probation was that he not associate with any female child under the age of eighteen.
After being released from prison, Graham married a woman who had two young female children. He was later charged with violating his probation because he left the state of Florida, having moved to New York in 1991 without permission. He failed to make reports to his probation officer, failed to pay costs, and failed to attend counseling appointments. Graham admitted the probation violations.
He was sentenced to 3 1/2 years in prison with credit for 517 days served, and 11 years on probation. At sentencing, Graham objected to a special condition of the 11 years probation which provides: "You may not associate or have contact in any way with any child under seventeen (17) years of age and your stepchildren, Christina and Naomi." Graham points out that he resided with the stepchildren without any recurrence of his criminal behavior, that the children look upon him as their natural father, and they are upset that they cannot write to him, talk with him on the phone, or have any contact with him.
The State agrees that the condition barring any contact with the children is too broad because the possibility of unintentional violation, after release from prison, is too great. Lambert v. State, 635 So.2d 1056 (Fla. 4th DCA 1994). This could be cured by providing Graham must have no unsupervised contact with minors.[2] Another foreseeable difficulty with such a condition is to prevent Graham from being held in violation should he be thrust into a situation at his job or in an unplanned social situation, where children are present and contact is unintentional on his part.
Graham also points out this condition will bar him from having a normal family relationship with his wife, since she has two young daughters. They were not the victims of his original offenses. However, in cases involving defendants who have been convicted of sexual battery on children, prohibitions against having contact with or living with other children who were not victims, have been upheld. See Lippman v. State, 633 So.2d 1061 (Fla. 1994); Howland v. State, 420 So.2d 918 (Fla. 1st DCA 1982); Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979).
A special condition of probation will be upheld under Biller v. State, 618 So.2d 734 (Fla. 1993) if: (1) it has a relationship to the crime for which the offender was convicted; (2) it relates to conduct which is in itself criminal; or (3) it forbids conduct which is reasonably related to future criminality. The State argues Graham was convicted of lewd assault on a child, and the condition is reasonably related to possible future criminal conduct with children. The court also considered a sexual offender evaluation of Graham, which is not in this record-on-appeal. Referring to this report, the court said that the stepchildren were possibly in danger from Graham. The court told Graham this condition could be changed if a counselor later approves supervised contact with the stepchildren.
*644 We strike the special condition and remand to allow the trial court to refashion it so it is not impermissibly broad. On remand, the court shall also be free to make inquiry as to the current state of Graham's counseling and treatment to see if some form of supervised contact with the stepchildren is now permissible. In any event, barring Graham from talking with his stepchildren on the telephone or corresponding with them by mail appears to go beyond reasonable limits.
STRIKE special condition of probation; REMAND to trial court for reconsideration.
DAUKSCH, J., concurs.
GRIFFIN, J., concurs in result without opinion.
NOTES
[1] § 800.04, Fla. Stat. (1987).
[2] Maguire v. State, 586 So.2d 1268 (Fla. 2d DCA 1991), quashed on other grounds, 594 So.2d 306 (Fla. 1992).