693 So.2d 55 (1997)
Patrick DICKINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2746.
District Court of Appeal of Florida, Fifth District.
April 4, 1997.
Rehearing Denied May 15, 1997.
Mark S. Blechman of Lubet & Blechman, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, Judge.
Patrick Dickinson was originally charged with four counts of sexual offense against a fifteen-year-old victim. He entered a plea of *56 guilty to two of those charges under a negotiated arrangement in which the State dropped two of the charges and agreed not to pursue an unrelated case and not to file charges involving other presently known victims. The penalty agreement was announced by the State:
Mr. Blechman: The State of Florida will ask for ten years in the Department of Corrections and five years supervised sex offender probation to follow that....
Further, that the Defendant will be entitled to argue for a sentence of eight years.
I believe that is the entire negotiations. I have a plea form I filled out, signed copies in front of you signed by the State, Ms. Drane, Mr. Dickinson and myself.
Based on a scoresheet that scored 40 points for each count of oral sex (one count for each act performed by one on the other) pled to by Dickinson, the court sentenced Dickinson within the limits of the scoresheet's recommended range and in accordance with the State's announced recommendation. Dickinson now contests the legality of the sentence because the court erred in scoring 80 points for "penetration" when it should have scored only 36 points (18 points for each count) for "contact."
The State first contends that since Dickinson was sentenced pursuant to a negotiated agreement, he cannot now contest his sentence. It appears, however, that Dickinson only agreed that the State would recommend 10 years; he did not waive the right to be sentenced under a correct scoresheet.
We must decide, therefore, whether the scoresheet was in error. Is fellatio performed by the defendant on the victim and/or performed by the victim on the defendant the type "penetration" that would justify 40 points for each count? Dickinson maintains that it is not and cites several cases in support. Unfortunately, all of these cases predate the 1993 amendment to the sentencing guidelines which now define "victim injury" (section 921.0011(7)) as:
[T]he physical injury or death suffered by a person as a direct result of the primary offense, or any offense other than the primary offense, for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense. If the conviction is for an offense involving sexual contact which includes sexual penetration, the sexual penetration must be scored as a severe injury regardless of whether there is evidence of any physical injury. If the conviction is for an offense involving sexual contact which does not include sexual penetration, the sexual contact must be scored as a moderate injury regardless of whether there is evidence of any physical injury. [Emphasis added.]
By the enactment of this amendment, the legislature has told us that their definition of "contact" includes penetration if penetration is shown to have occurred. There is no dispute that Dickinson penetrated and was penetrated during these offenses. There appears to be no distinction as it relates to the sentencing guidelines whether contact or penetration is alleged if penetration is actually proved. We believe the trial court properly scored the penetration points.
AFFIRMED.
OSHORN, J., concurs.
ANTOON, J., dissents, with opinion.
ANTOON, Judge, dissenting with opinion.
I respectfully dissent because I find no evidence in the record that penetration occurred and therefore, in my view, victim injury points were improperly scored.
The information alleged in Count III that the defendant "did with his mouth have union with the sexual organ of the [victim]" and, in Count IV, that the defendant "did with his penis penetrate or have union with the mouth of the [victim]." (Emphasis added). The trial court accepted the factual basis for the plea offered by the state:
"Your Honor, on or about June 2, 1994, the State of Florida would attempt or be able to prove that Mr. Dickinson had oral sex with [the victim], and on or about the same date, [the victim] had oral sex with Mr. Dickinson, all in Osceola County, Florida."
While this factual basis would support a finding of sexual contact, it does not support the *57 trial court's finding of penetration. This is true particularly in light of the manner in which the offenses were charged.
The legislature obviously intended that the term "penetration" mean something other than contact. See Dorch v. State, 458 So.2d 357 (Fla. 1st DCA 1984). This intent is evident from reading section 921.0011(7), Florida Statutes (1995), which provides that sexual penetration must be scored as severe injury, while sexual contact not including penetration must be scored as moderate injury. Thus, in the absence of record evidence of penetration, sexual contact rather than sexual penetration should have been scored on the defendant's guidelines scoresheet, yielding a total of 36 victim injury points. Proper calculation would have resulted in a lower sentencing guidelines cell.