702 So.2d 596 (1997)
Robert Paul LUHRSEN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-00005.
District Court of Appeal of Florida, Second District.
December 3, 1997.
Peter D. Andrews, St. Petersburg, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Johnny T. Salgado, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant, convicted of three counts of lewd and lascivious act in the presence of a child under sixteen, challenges his sentencing. He maintains that the court erred in scoring forty points for penetration on each conviction. We agree.
Appellant was charged by amended information with one count of sexual battery (by digital penetration) and two counts of lewd and lascivious act (by placement of finger into or in union with vagina, but without committing sexual battery). The jury found appellant guilty of the lesser included offense of lewd and lascivious act on the sexual battery count and guilty as charged in the other two lewd and lascivious counts. In considering how to score victim injury on the scoresheet, the parties discussed whether penetration (forty points per count) or merely contact (eighteen points per count) should be scored. In order to resolve the dispute, the court made a finding that penetration had occurred and scored victim injury at forty points for penetration for each of the three convictions.
The court erred in making this finding for two reasons. First, the court was without authority to make such a finding, and second, the finding was not supported by the charging document, the jury instructions, or the jury verdicts. Factual findings related to the criminal episode itself are solely within the province of the jury. See State v. Overfelt, 457 So.2d 1385 (Fla.1984). Thus, in making a finding that penetration occurred, the court improperly invaded the province of the jury which rendered the finding invalid.
However, even if the court had possessed the authority to enter such a finding, the court's finding was contrary to the language *597 and content of the charging document, the jury instruction given, and the jury verdict returned. In charging the two counts of lewd and lascivious act in the presence of a child under sixteen, the amended information specifically charged that it occurred "without committing the crime of sexual battery." The jury instruction defining sexual battery read as follows:
In order to find the Defendant guilty of Sexual Battery where the battery involves the use of a Defendant's finger, the State must show penetration. Evidence of contact or mere union of Robert Luhrsen's finger to the vagina of [the victim] is insufficient to prove penetration, and does not support conviction of the crime of Sexual Battery.
The jury returned a verdict finding appellant guilty of the lesser included offense of lewd and lascivious on the sexual battery count and guilty of the other two lewd and lascivious counts. The jury made no finding of penetration, and based on the verdicts and the instructions that generated these verdicts, it may be concluded that the jury specifically found no penetration. Accordingly, we conclude that the court erred in making a finding of penetration. See LaFlamme v. State, 586 So.2d 66 (Fla. 2d DCA 1991); Daum v. State, 544 So.2d 1035 (Fla. 2d DCA 1989); O'Bright v. State, 508 So.2d 385 (Fla. 1st DCA 1987).
Appellant's sentence is vacated and the trial court is directed to resentence appellant in accord with this opinion.
THREADGILL and QUINCE, JJ., concur.