FRANK, Acting Chief Judge.
Daniel Woods was charged with multiple sex crimes involving a male child. Ultimately, the state nolle prossed several of the criminal charges retaining one count of a lewd and lascivious act, one count of sexual battery and one count of attempted lewd and lascivious behavior. The criminal conduct came to light after Woods told the child’s parents of its occurrence and the child confirmed the events. Woods insisted on pleading guilty.
Following the trial court’s acceptance of Woods’s plea, he was sentenced to ten years in prison followed by five years of probation on the two second degree felony counts. On the third degree count, the trial court sentenced him to a five-year concurrent sentence with no probation. Mandatory court costs and restitution for out-of-pocket expenses were orally ordered. Woods was to have no contact with children under seventeen until after completion of an outpatient sex offender program. After the program was completed, his unsupervised contact with children under the age of sixteen was subject to the permission of his probation officer.
We have considered and assessed each of the issues Woods has presented for our consideration. In sum, Woods cannot now successfully challenge the voluntariness of his plea in the circumstance where he failed to move before the trial court to withdraw it. See Robinson v. State, 373 So.2d 898 (Fla.1979). Moreover, it was not error to add forty victim injury points to his score- *1183 sheet for injury based upon fellatio. See Dickinson v. State, 693 So.2d 56 (Fla. 5th DCA 1997).
We do, however, find some of the probation conditions improper. The condition assessing $25 per month for the cost of supervision must be condemned because the order does not reveal the statutory authority for that obligation. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). The restitution aspect of the order must also be reversed and remanded with instructions to the trial court to determine the amount of restitution. See Bryant v. State, 600 So.2d 547 (Fla. 2d DCA 1992). The condition prohibiting Woods from any contact with children has been held to be too broad; it may result in an unintentional violation. See Rowles v. State, 682 So.2d 1184 (Fla. 5th DCA 1996); Graham v. State, 658 So.2d 642 (Fla. 5th DCA 1995). On remand, the trial court should conform the written order to the oral pronouncement, see Jackson v. State, 674 So.2d 900 (Fla. 2d DCA 1996), and the condition should be modified to prohibit “intentional, unsupervised contact with children under the age of seventeen where no adult is present until Woods has successfully completed an outpatient sex offender program.” See Rowles; Graham. Moreover, in light of Rowles and Graham, the condition limiting contact with children under the age of sixteen without parental consent should also be modified to prohibit “intentional” contact with children under the age of sixteen.
The condition barring Woods from firearms without the consent of his probation officer is appropriate, see Houston v. State, 701 So.2d 372 (Fla. 2d DCA 1997), and the condition prohibiting Woods from using alcohol and drugs is authorized for offenses, such as here, occurring on or after June 15, 1995. See Johnson v. State, 701 So.2d 367 (Fla. 2d DCA 1997).
We remand for further proceedings consistent with this opinion.
QUINCE, J„ and DOYEL, ROBERT L„ Associate Judge, concur.