721 So.2d 741 (1998)
David Palmer MAY, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1509.
District Court of Appeal of Florida, Fifth District.
October 9, 1998.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, Judge.
The appellant was found guilty of committing a lewd or lascivious act on a child under sixteen. § 800.04, Fla. Stat. (1997).
Appellant's sentence was based on a sentencing guidelines scoresheet in which 80 points were assessed for sexual penetration. See Fla. R.Crim. P. 3.991. We affirm the judgment of conviction, but vacate the sentence and remand for resentencing.
The jury's verdict failed to specify whether penetration took place. The evidence presented during trial described both a lewd fondling (which did not involve penetration) and the commission of oral sex (which may constitute penetration). Dickinson v. State, 693 So.2d 55 (Fla. 5th DCA 1997). Either of these acts would support appellant's conviction for a lewd and lascivious act on a child under the age of sixteen and therefore it cannot be determined upon which act or acts the jury based its verdict. Accordingly, only 40 points for "sexual contact" should have been assessed. Because we cannot be sure that the court would have imposed the same sentence absent the additional 40 points for penetration, we vacate the sentence and remand for resentencing.
AFFIRMED IN PART; VACATED IN PART; REMANDED.
GOSHORN and HARRIS, JJ., concur.