720 So.2d 1105 (1998)
Ronnie LOWMAN, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/ Cross-Appellant.
No. 97-02209
District Court of Appeal of Florida, Second District.
October 14, 1998.
*1106 James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant/Cross-Appellee.
Robert A. Butterworth, Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, Tampa, for Appellee/ Cross-Appellant.
ALTENBERND, Judge.
Ronnie Lowman appeals his convictions, and the State cross-appeals his sentence. We affirm his convictions without discussion. We reverse his sentence because the trial court failed to include sufficient points for victim injury. Under the applicable guidelines, a completed act of fellatio must be scored as penetration and not as sexual contact.
Mr. Lowman was convicted of two counts of sexual activity with a child over the age of twelve[1] and one count of handling and fondling a child under the age of sixteen.[2] One count of sexual activity involved penile union with or penetration of the victim's mouth, and the other involved digital penetration of the vagina. The trial court sentenced Mr. Lowman pursuant to the sentencing guidelines in effect prior to October 1, 1995.[3]
The sentencing guidelines worksheet in section 921.0014, Florida Statutes (1993), provides for victim injury points under certain circumstances. It specifies 18 points for sexual contact or moderate injury and 40 points for sexual penetration or severe injury. This is consistent with section 921.0011(7), Florida Statutes (1993), which defines "victim injury" and states:
If the conviction is for an offense involving sexual contact which includes sexual penetration, the sexual penetration must be scored as a severe injury regardless of whether there is evidence of any physical injury.
*1107 The trial court scored the digital offense as penetration, but scored the oral sex offense as contact. At the sentencing hearing, Mr. Lowman's counsel argued that there had been no evidence of penetration and that the act of fellatio did not involve penetration. The record, however, contains evidence of a completed act of oral sex involving ejaculation into the victim's mouth.
After the trial court's ruling, both this court and the Fifth District held that fellatio could be scored as penetration. See Woods v. State, 711 So.2d 1182 (Fla. 2d DCA 1998); Dickinson v. State, 693 So.2d 55 (Fla. 5th DCA 1997) (Antoon, J., dissenting). Judge Antoon's dissent in Dickinson argued that fellatio can be an act of "union" and not penetration. In this case, we need not decide whether Judge Antoon's argument is correct under other factual circumstances because the evidence of a completed act of fellatio in this case is sufficient to require points for penetration.
We note that a jury must make a factual determination on its verdict before a trial judge can impose a minimum mandatory sentence or apply an enhancement. See State v. Hargrove, 694 So.2d 729 (Fla.1997); State v. Overfelt, 457 So.2d 1385 (Fla.1984); Douglas v. State, 523 So.2d 704 (Fla. 2d DCA 1988). The jury in this case was not asked to determine whether the sexual battery involved penetration rather than union. We conclude that such a special verdict is not required to allow the trial court to impose points for penetration.
There are factual issues involved in the preparation of a sentencing scoresheet that must be determined by the trial judge. Thus, for example, issues concerning prior record are resolved by the judge and not by the jury. The nature and extent of victim injury are often irrelevant to the jury's decision to convict on a particular offense. We conclude that victim injury points are properly assessed based on a factual determination by the trial judge. Our holding in Luhrsen v. State, 702 So.2d 596 (Fla. 2d DCA 1997), does not require otherwise. In Luhrsen, the defendant was charged with sexual battery, but convicted of lewd and lascivious conduct. We ruled that victim injury points for penetration could not be imposed because the jury's verdict rejected the State's contention that penetration had occurred. Before penetration points may be imposed by the trial judge, the conviction must logically permit such points. The trial judge cannot assess points on a scoresheet that conflict with the jury's factual findings concerning the offense. The trial judge, however, may weigh the evidence presented during the trial or consider additional evidence at the sentencing hearing in determining victim injury points.
Accordingly, we reverse the defendant's sentence and remand for resentencing with a scoresheet including 22 additional points.
Affirmed in part, reversed in part, and remanded.
THREADGILL, A.C.J., and DAKAN, STEPHEN L., Associate Judge, concur.
NOTES
[1] See § 794.011(8)(b), Fla. Stat.(1995).
[2] See § 800.04(1), Fla. Stat.(1995).
[3] The guidelines changed effective October 1, 1995. See ch. 95-921, Laws of Fla.