741 So.2d 512 (1999)
Terrance E. McCLOUD, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2011.
District Court of Appeal of Florida, Fifth District.
January 8, 1999.
Opinion Denying Rehearing September 24, 1999.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer Meek, Assistant Attorney General, Daytona Beach, for Appellee.
Opinion Denying Rehearing En Banc September 24, 1999.

ON MOTION FOR REHEARING, OR, ALTERNATIVELY, FOR CERTIFICATION
GRIFFIN, C.J.
We grant the state's motion for rehearing and withdraw our prior opinion. We have reconsidered our opinion in light of the decision of the Second District Court of Appeal in Lowman v. State, 720 So.2d 1105 (Fla. 2d DCA 1998) and the decision of the First District Court of Appeal in Bradford v. State, 23 Fla. L. Weekly D2577, 722 So.2d 858 (Fla. 1st DCA 1998). We have decided to accept the view of the Lowman court that all issues pertaining to the assessment of points on the *513 scoresheet are to be determined by the court, not the jury, and that the defendant is not constitutionally entitled to have a jury make the predicate factual determination for the scoring of penetration.
For some aspects of the scoring of points, the issue is not difficult. It is obviously most appropriate for the court to determine the defendant's prior criminal record. It is also logical that the court would best be able to ascribe a seriousness level to victim injury. We see as somewhat different, however, the question whether penetration has occurred in a sexual battery case. This involves not so much a legal judgment as a finding of a pure question of fact pertaining to the offense itself. In Lowman, the appellate court was faced with apparently clear and undisputed evidence of penetration which the lower court could simply recognize and score. We were presented with a more difficult case where proof of penetration was not required for conviction and the evidence of penetration versus mere union was in conflict. In such a situation, it is counterintuitive to say that the court may weigh the evidence and determine the nature of the defendant's offense; hence, our prior opinion. Upon reflection, however, we recognize, as did Lowman, that no distinction is made in the statute or rule between point assessment for penetration and all other aspects of scoresheet point assessment. The Bradford court did not even find it objectionable for the court to score points for possession of a firearm during the commission of the offense, even though the jury made no finding that the defendant had done so. We are doubtful about this method of adjudication in a criminal case, especially given the proliferation of point assessment categories but, at least as to the category of "victim injury," we will not recognize a special requirement of a jury finding to support a point assessment for penetration. Consistent with Lowman, we will allow this to be determined by the court. The judgment and sentence are affirmed.
Motion GRANTED; Judgment and Sentence AFFIRMED.
COBB and ANTOON, JJ., concur.

ON APPELLANT'S MOTION FOR REHEARING, REHEARING EN BANC AND/OR CERTIFICATION
GRIFFIN, J.
We initially issued an opinion in this case on November 6, 1998, vacating the defendant's sentence. Thereafter, we granted the state's motion for rehearing and issued an opinion approving the sentence. The defendant, Terrance McCloud, now seeks rehearing en banc of our second opinion urging that the opinion is in conflict with another recent opinion of this court, May v. State, 721 So.2d 741 (Fla. 5th DCA 1998), review denied, 729 So.2d 394 (Fla.1999). We have elected to consider this case en banc in order to resolve any conflict between May and this case. After considering the issue, the court, en banc, approves the decision on rehearing and disapproves of May to the extent that it may conflict with the decision in this case.
Our concern at the outset was whether victim injury points for sexual penetration could be scored for sentencing purposes in the absence of a jury finding of penetration. A guilty verdict in a sex case where penetration is a necessary element of the offense provides a clear basis for the court to score victim injury points for penetration. The problem arises where a finding of penetration does not inhere in the verdict. In such a case, the question that arises is whether the court can make the "penetration" determination by a preponderance of the evidence, or whether penetration must be charged and proved to a jury beyond a reasonable doubt. The consensus answer of the panel assigned to this case, after consideration of Lowman v. State, 720 So.2d 1105 (Fla. 2d DCA), review denied, 727 So.2d 907 (Fla.1998), and Bradford v. State, 722 So.2d 858 (Fla. 1st DCA 1998), was that no jury finding is required.
*514 The correctness of that view seems to be validated by the United States Supreme Court's recent decision in Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999). In considering whether the federal carjacking statute's escalating provisions were separate offenses or sentencing factors, the Jones court reaffirmed that "sentencing factors" are exempt from the requirements of being charged and determined by a jury verdict. Id. at 1217. Under the Jones analysis, the threshold question is whether the legislature intended the particular factor to be an element of the offense or merely a sentencing factor.[1] The high court explained that a sentencing factor can be a penalty aggravator and, although the presence or absence of a particular fact that increases the maximum penalty for an offense may be an indicator that the fact is an element of the offense, it does not necessarily follow that any factor that increases the maximum penalty is necessarily an element of the offense. Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Both Jones and Almendarez-Torres demonstrate that the solution lies in legislative intent. If the court finds that the legislature intended a given fact to merely be a sentencing factor, then it need not be charged, it need not be decided by the jury and it need not be proved beyond a reasonable doubt. The problem the Jones court faced was uncertainty over legislative intent requiring consideration of the "constitutional doubt rule." 526 U.S. at ___, 119 S.Ct. at 1224. The "constitutional doubt" rule provides that where a statute is susceptible of two constructions, one of which creates grave constitutional questions and the other of which such questions are avoided, the court's duty is to choose the latter. Jones at 1222. This rule is inapplicable here because there is no doubt whatsoever that the Florida legislature intends "victim injury" to be a sentencing factor. Nor is there any suggestion in Jones or any related case that "victim injury" is not a constitutionally permissive sentencing factor.
In this case, we do not have the statutory ambiguities that troubled the high court in Jones and Almendarez-Torres. It is plain that the scoring of victim injury points under Section 921.0024, Florida Statutes (1997) is a "sentencing factor", not an element of the offense.[2] Indeed, the only reason "sexual penetration" appears in the category of "victim injury" is because of the Supreme Court of Florida's decision in Karchesky v. State, 591 So.2d 930 (Fla.1992), that sexual penetration did not qualify as a "victim injury." By undoing Karchesky through legislation, the legislature has simply created an additional victim injury point category. Penetration as a sentencing factor plainly does not need to be charged, nor must it be decided by a jury, nor must it be decided beyond a reasonable doubt. See McMillan v. Pennsylvania, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). The dissent's underlying view that due process requires the issue of penetration to be decided by a jury is answered by Jones, Almendarez-Torres and McMillan.
To create an even finer wedge in the controlling law, the dissent appears to urge that where penetration is charged as a possible alternative element of an offense and the jury does not expressly find that its decision was grounded upon the "penetration alternative," it would somehow be violative of the defendant's due process rights for the trial court to assess points for penetration as if ignoring the possibility that the jury had concluded that no penetration had occurred. We find this to be a circumstance without constitutional significance. If it is not necessary for the jury to make a finding on a sentencing *515 factor that is completely distinct from any of the elements of the offense, it makes no sense to require a jury finding just because a sentencing factor is similar to one of the alternative elements of the offense. Just as the trial court can assess victim injury points where supported by a preponderance of the evidence without a specific finding yea or nay by the jury, a trial court can do the same even if the victim injury category was an alternative element of the charged offense. To the extent that the May panel opinion required, just as we had in our original panel opinion in this case, a jury finding of penetration as a predicate for scoring penetration as victim injury on a scoresheet for purpose of determining a sentence, it is now superseded by our opinion on rehearing.
The motion for rehearing and for certification are denied.
JUDGMENT and SENTENCE AFFIRMED.
ANTOON, C.J., DAUKSCH, COBB, W. SHARP, GOSHORN and THOMPSON, JJ., concur.
HARRIS, J., dissents, with opinion, in which PETERSON, J., concurs.
HARRIS, J., dissenting.
The issue in this case is whether the jury, as opposed to the judge, must determine that a material fact exists in order to assess victim injury points when such fact is an element, even an alternative element, of the charged offense before the trial judge may enhance the sentence based on that material fact. Specifically, in this case involving a charge of sexual battery in which the judge instructed the jury that it could convict if it found that penetration occurred (which carries 80 points under the guidelines) or if it found that the defendant's sexual organ came into contact with the victim's (which carries only 40 points), and when the jury determined guilt but failed to indicate which alternative it relied on, can the court "find" that the defendant penetrated the victim and thus assess the maximum victim injury points? In May v. State, 721 So.2d 741 (Fla. 5th DCA 1998), rev. denied, 729 So.2d 394 (Fla.1999), this court considered the issue in relation to a defendant who was charged with committing a lewd and lascivious act on a child, which act could be committed either by "sexual contact" (the 40 points) or by "penetration" (again, 80 points), and in which the jury returned only a general verdict of guilt. We held that whether penetration was accomplished was a fact issue for the jury, even in relation to a sentencing proceeding, and even though the jury was silent on the subject, the court could not fill the void. I believe May represents the correct law on this issue.
In Lawman v. State, 720 So.2d 1105 (Fla. 2d DCA 1998), rev. denied, 727 So.2d 907 (Fla.1998), a case involving a "completed act of fellatio[1]," the court's conclusion states the proposition here in dispute most clearly:

*516 The trial judge cannot assess points on a scoresheet that conflict with the jury's factual findings concerning the offense. The trial judge, however, may weigh the evidence presented during the trial or consider additional evidence at the sentencing hearing in determining victim injury points.
Although I fully agree with the first sentence of the above principle, I find the that the second sentence may be, in the case of a general verdict, fundamentally inconsistent with the first and, as a practical matter, impossible in its application. Suppose, for example, the jury (as it is free to do) rejects the victim's testimony that penetration took place but convicts on the alternative theory that sexual contact was proven.[2] Since the court used a general verdict form, the jury has not told us their reason for conviction. But if we permit the judge to decide the issue of penetration from the record, he or she may believe testimony rejected by the jury. Hence, the judge's determination may well "conflict with the jury's factual findings" and we are simply unaware of it.
The statute involved in this case prohibits the "penetration by, or union with, the sexual organ" of one with certain parts of another's anatomy. Hence, the statute makes penetration an element, not merely an enhancer, of the offense. The penetration enhancer is found in the criminal rules and not the statute. But the application of the enhancer assumes that the jury has determined the presence of penetration as an element of the offense. To contend that the law contemplates that the court may independently determine that the penetration element is present is illogical. The issue of penetration was clearly before the jury. If the jury found that penetration occurred, the judge's independent determination so finding would be redundant and unnecessary. If, on the other hand, the jury found that penetration was not proved but union was, the judge's independent finding to the contrary would be clearly inappropriate.
In Jones v. United States, 526 U.S. 227, ___, 119 S.Ct. 1215, 1219, 143 L.Ed.2d 311 (1999), the United States Supreme Court considered a similar issue and stated:
Much turns on the determination that a fact is an element of an offense rather than a sentencing consideration, given that elements must be charged in the indictment, submitted to a jury, and proven by the Government beyond a reasonable doubt.[3]
Jones merely restates that which our supreme court held some years earlier in State v. Overfelt, 457 So.2d 1385, 1387 (Fla. 1984), which held:
Although a trial judge may make certain findings on matters not associated with the criminal episode when rendering a sentence, it is the jury's function to be the finder of fact with regard to matters concerning the criminal episode.
Overfelt was reaffirmed by our supreme court in State v. Hargrove, 694 So.2d 729 (Fla.1997):

*517 Even when the use of a firearm is uncontested, the overriding concern of Overfelt still applies: the jury is the fact finder, and the use of a firearm is a finding of fact.
The majority's metaphysical contention that the penetration enhancer is similar to but distinct from the penetration element of the offense merely masks the inescapable conclusion that if the trial court enhances the sentence based on its determination that penetration occurred after the jury has returned a general verdict, the court, and not the jury, has determined that the penetration element of the offense was proved.
If the State wishes to plead "union" and "penetration" in the alternative so that the jury can convict even if penetration is not proved but wishes to retain the option of the greater sentence should the jury find penetration, our supreme court in Overfelt has told it how: ask the jury by way of a special verdict form whether penetration was proved.
Because I believe the majority opinion is in conflict with Jones, Overfelt, Hargrove, and Wright v. State, 739 So.2d 1230 (Fla. 1st DCA 1999), I would certify the issue to the supreme court.
PETERSON, J., concurs.
NOTES
[1] The Supreme Court followed the analysis earlier outlined in Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 1223, 140 L.Ed.2d 350 (1998).
[2] Nor would scoring victim injury points affect the maximum penalty except in the rare hypothetical case.
[1] Lowman held, as a matter of law, that "a completed act of fellatio must be scored as penetration and not as sexual contact." But that is not the issue that should concern the court when a jury is involved. The question is not the legal (or scientific) consequence of a completed act of fellatio; it is whether the jury believed the witness that a completed act of fellatio occurred. It is clear that the Lowman panel believed the witness, but when a jury is involved is that sufficient? Lowman holds that a special verdict is unnecessary. In essence, Lowman holds that since we do not know the basis for the jury's verdict, we can assume either that it found penetration or, if it did not find penetration, that it found contact but did not consider the issue of penetration so the judge, on his independent evaluation of the evidence, may make that determination. Lowman does not explain why we reject the possibility that the jury found no penetration, only contact. In Torna v. State, 24 Fla. L. Weekly D1908, 742 So.2d 366 (Fla. 3d DCA 1999), involving another crime which could be committed in alternative ways, the court took a different approach, suggesting that in the future the jury be required to indicate which of the two options it accepted. The Torna court held that "[s]ince the determination was not made, we cannot now guess what the jury was thinking." This is consistent with the approach of the supreme court in State v. Overfelt, 457 So.2d 1385 (Fla.1984), and State v. Hargrove, 694 So.2d 729 (Fla. 1997).
[2] In our case, the victim stated that defendant penetrated her and ejaculated. But she later acknowledged, after evidence was presented that ejaculation could not have occurred, that she simply couldn't remember what happened because she was so intoxicated. A child who shared the bed with her when the incident took place could only testify that defendant was "on" her mother. The jury may well have dismissed the victim's testimony and believed that the evidence supported a conviction only on the basis of contact.
[3] I believe the majority has misconstrued the holding of Jones. While it is true that all sentencing factors need not be alleged or proved to a jury beyond reasonable doubt, Jones holds that sentencing factors which are also elements must be. This is consistent with our supreme court's decision in Overfelt that facts relating to the criminal episode must be determined by the jury. Penetration is such a fact. And while Jones does state that whether something is an element or merely a sentencing factor depends on legislative intent, one merely needs to look at the statute and the information filed herein to see that penetration was an element of the charged offense in this case.