783 So.2d 1120 (2001)
Kenneth Tyrone GRANT, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-4189.
District Court of Appeal of Florida, First District.
March 19, 2001.
*1121 Nancy A. Daniels, Public Defender, Jamie Spivey, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Douglas T. Squire, Assistant Attorney General, Tallahassee, for Appellee.
ERVIN, J.
The question before us is whether a guidelines scoresheet may include 40 points for "sex contact" as victim injury following appellant's conviction for an attempted lewd and lascivious act upon a child, thereby affecting the sentencing range, in the absence of the jury finding in its verdict that appellant had sexual contact with the victim. The trial judge decided that sexual contact had occurred based on evidence produced at trial. We reverse and remand for resentencing, because the trial judge's finding of sexual contact conflicts with the jury's verdict.
Appellant was charged with lewd and lascivious act upon a child, a second-degree felony under section 800.04, Florida Statutes (1997), by unlawfully handling, fondling, or making an assault on a 15-year-old female in a lewd and lascivious manner
by penetration or union of the vagina of said [victim] with his sexual organ and/or by fondling and or kissing her breast and/or by fondling or touching her genital area and/or by swimming or coming in close contact while nude or naked with said [victim] when she was also nude or naked and/or by contact with said [victim] while both he and she were nude or naked in a bed without committing the crime of Sexual Battery.
At the conclusion of the trial, the jury returned a verdict finding appellant guilty of the lesser-included offense of attempted lewd and lascivious act upon a child, which is a third-degree felony. The court assigned 40 points on the sentencing guidelines scoresheet for "sex contact" under the category of "victim injury," which resulted in a recommended sentencing range of 51 to 85 months. The trial court thereupon imposed the maximum guidelines sentence of 85 months.
On appeal, appellant argues that because the jury found him guilty of the lesser-included offense of attempting to commit a lewd and lascivious act, he was thereby effectively acquitted of the greater offense involving sexual contact as alleged in the information. Appellant relies on Luhrsen v. State, 702 So.2d 596 (Fla. 2d DCA 1997), wherein the defendant was charged with sexual battery by digital penetration, and two counts of lewd and lascivious acts upon a child. The jury found him guilty of the lesser-included offense of lewd and lascivious act as to the sexual battery count, and guilty as charged on the two remaining counts. The trial court then assessed 40 points for penetration for each count under the victim injury category rather than 18 points for sexual contact. The Second District Court of Appeal reversed and remanded for resentencing, reasoning that the trial court was without authority to make a penetration finding. In reaching its decision, the Second District explained that because sexual battery requires penetration, but the jury had returned a verdict for the lesser-included offense of lewd and lascivious act on the sexual battery charge, the jury's verdict must be considered to be a determination of no penetration. Id. at 596.
The same analysis applies in the instant case wherein the information charged various lewd and lascivious acts involving sexual contact, but the jury returned a verdict for the lesser-included offense of attempted lewd and lascivious act. Based on the charging document and the verdict, we must conclude that the jury found that no sexual contact had occurred. The trial judge's finding of sex contact conflicted with the jury's verdict and, therefore, was *1122 improper. Consequently, we reverse appellant's sentence and remand with directions to resentence him with a corrected scoresheet by omitting the 40 points previously scored for sexual contact.
We further observe that because appellant's sentence was increased beyond the statutory maximum as a result of the 40 points scored, the sentence may be inconsistent with the United States Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), holding that any fact, other than a prior conviction, which increases a penalty beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. We expressly decline to address this issue, however, since it is unnecessary to the disposition of this case.[1]
Appellant's conviction is AFFIRMED, but his sentence is REVERSED and the case is REMANDED for resentencing with a corrected scoresheet.
WEBSTER and LEWIS, JJ., concur.
NOTES
[1] The Fifth District Court of Appeal will consider this issue further following the remand of McCloud v. State, 741 So.2d 512, 513 (Fla. 5th DCA 1999) (on reh'g en banc), review denied, 767 So.2d 458 (Fla.2000), cert. granted & judgment vacated, ___ U.S. ___, 121 S.Ct. 751, 148 L.Ed.2d 654 (2001).