782 So.2d 1000 (2001)
Anthony SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-277.
District Court of Appeal of Florida, Fourth District.
April 25, 2001.
*1001 Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kristine Keaton, Assistant Attorney General, Fort Lauderdale, for appellee.
STEVENSON, J.
Anthony Simmons was tried by jury and convicted of strong arm robbery. Simmons appeals his conviction, arguing that the trial judge erred in allowing a detective to testify that, during his initial investigation, the victim stated that he was certain he would be able to identify his assailant if the assailant were found. Appellant also challenges the trial court's imposition of a habitual felony offender sentence because the existence of the predicate prior offenses was determined by the judge rather than the jury. We affirm both the conviction and the sentence.
We agree with Simmons that the trial judge erred in admitting the detective's testimony as "identification" testimony, properly excluded from the definition of hearsay under section 90.801(2)(c), Florida Statutes (1999). The statements in the instant case were not ones of identification. Detective Carbo testified that the victim stated that he was confident that he could identify his assailant. This does not qualify as a statement of "identification ." Typically,
[The] situation contemplated by the code and the case law is one where the victim sees the assailant shortly after the criminal episode and says, "that's the man." Hence, the phrase "identification of a person made after perceiving him" refers to the witness seeing a person after the criminal episode and identifying that person as the offender.
Stanford v. State, 576 So.2d 737, 739-40 (Fla. 4th DCA)(footnote omitted), rev. denied, 587 So.2d 1329 (Fla.1991). Nevertheless, given the ample time during this encounter that the victim had to become aware of Simmons' physical features and the victim's own testimony at trial concerning the certainty of his identification of appellant, we find the error harmless. See Goodwin v. State, 751 So.2d 537, 541 (Fla.1999)(holding that harmless error test is satisfied when there is no reasonable possibility that the error contributed to the conviction).
As to his second issue on appeal, appellant relies on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), for the proposition that findings necessary for imposition of an HFO sentence should be submitted to the jury. However, we agree with the position taken in Wright v. State, 780 So.2d 216, 217 (Fla. 5th DCA 2001), that:
The United States Supreme Court expressly acknowledged in Apprendi that recidivism is a traditional basis for increasing a sentence and is a fact which does not relate to the commission of the offense before the court. See also State *1002 v. Rucker, 613 So.2d 460 (Fla.1993)(legislature enacted habitual felony offender statute to allow enhanced penalties for defendants who meet objective requirements indicating recidivism). Nothing in Apprendi overrules the Florida Supreme Court's holding in Eutsey v. State, 383 So.2d 219 (Fla.1980) that the determination that a defendant could be sentenced as an habitual felony offender was independent of the question of guilt in the underlying substantive offense and did not require the full panoply of rights afforded a defendant in the trial of the offense.
Therefore, we affirm appellant's HFO sentence.
AFFIRMED.
POLEN and TAYLOR, JJ., concur.