790 So.2d 1200 (2001)
Kenneth WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-2388.
District Court of Appeal of Florida, Fifth District.
August 3, 2001.
James B. Gibson, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise O. Simpson, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Kenneth Walker challenges the sentence he received from the trial court on remand from his earlier appeal, Walker v. State, 758 So.2d 743 (Fla. 5th DCA 2000). In Walker I, we agreed with the state's argument on cross-appeal, that based on our decision in McCloud v. State, 741 So.2d 512 (Fla. 5th DCA 1999), Walker's sentencing guideline scoresheet should have included *1201 an additional 80 victim injury points for sexual penetration. We vacated Walker's sentence and remanded for the addition of the injury points "and any concomitant change in his sentence the court may lawfully make." Walker at 743.
On remand, both the state and Walker acknowledged that because Walker had been designated an habitual offender, the trial court, neither in the first proceeding nor in the remand, was bound by the sentencing guidelines. The trial court, nonetheless, concluded that, "I have a clear duty today to resentence as they told me to do with a corrected scoresheet."
In this appeal, Walker asserts that because the United States Supreme Court has ordered this court to reconsider its opinion in McCloud, in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), his sentence must be reversed. Walker does not complain of the trial court's finding that Walker I required the trial court to resentence him in accordance with a re-calculated scoresheet.
In Apprendi, the Supreme Court, by a 5-4 margin, held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-63. The determinations of victim injury points in McCloud and the instant case which increased the defendants' presumptive guideline sentences were made by the judge, not the jury. Walker's potential maximum sentence, however, was not governed by the operation of the guidelines, but by the fact that he was designated an habitual offender. Consistent with Apprendi's language excluding recidivism from its holding, Florida courts, including this district, have uniformly held that an habitual offender sentence is not subject to an Apprendi challenge. Jacobs v. State, 785 So.2d 713 (Fla. 4th DCA 2001); Morant v. State, 785 So.2d 665 (Fla. 3d DCA 2001); Simmons v. State, 782 So.2d 1000 (Fla. 4th DCA 2001); Gray v. State, 780 So.2d 1042 (Fla. 4th DCA 2001); Wright v. State, 780 So.2d 216 (Fla. 5th DCA 2001).
We affirm Walker's sentence because it is not in excess of that which he lawfully could have received as an habitual offender.
AFFIRMED.
SHARP, W., J., concurs.
ORFINGER, R.B., J., concurs in result only.