807 So.2d 739 (2002)
John HINDENACH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4563.
District Court of Appeal of Florida, Fourth District.
February 13, 2002.
*740 Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Appellant, John Hindenach, appeals from his resentencing after the trial court granted his motion to correct illegal sentence under Heggs v. State, 759 So.2d 620 (Fla.2000) (holding that defendant is entitled to resentencing if the sentence imposed under the unconstitutional 1995 sentencing guidelines would constitute an impermissible departure sentence under the 1994 guidelines). Appellant contends that the trial court erred in resentencing him to a guidelines sentence which exceeds the statutory maximum for his offense contrary to the decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We affirm.
On June 13, 1996, appellant was charged by information with driving under the influence (DUI) and/or driving with a blood alcohol level of .08 or higher (UBAL) causing serious bodily injury to another under sections 316.193(1) and 316.193(3)(c)(2), Florida Statutes (1995). On January 7, 1997, he pled nolo contendere to that charge and a judgment of conviction was entered. The 1995 guidelines scoresheet prepared for his initial sentencing had 99 total sentencing points, including 56 for causing serious bodily injury, and a guidelines range of 53.2 to 88.7 months. The trial court sentenced appellant to 80 months in prison. The statutory maximum for the third degree felony he was charged with was five years (60 months). § 775.082(3), Fla. Stat. (1995).
Appellant appealed from his sentence and this court reversed the sentence finding that the trial court could not enhance a recommended sentence that already exceeds the maximum set by the penalty statute by a further extension within the guidelines range. See Hindenach v. State, 708 So.2d 336 (Fla. 4th DCA 1998). The state filed a Notice of Discretionary Review with the supreme court which was granted and on review, the supreme court quashed this court's decision relying on its decision in Mays v. State, 717 So.2d 515 (Fla.1998). See State v. Hindenach, 720 So.2d 242 (Fla.1998). Pursuant to the supreme court's decision, this court issued a mandate affirming appellant's conviction and sentence.
On July 12, 2000, appellant filed a motion to correct illegal sentence in the trial court under Florida Rule of Criminal Procedure 3.800(a). He argued that under Heggs his sentence was unconstitutional. The state responded to the motion conceding that appellant would receive a lower sentence under the 1994 guidelines. Attached to appellant's motion was a newly calculated 1994 guidelines scoresheet in which appellant entered victim injury points for severe injury (40 points). The trial court determined that appellant was *741 entitled to relief under Heggs and resentenced appellant using the same entries used by appellant in the scoresheet he submitted. The permitted range was 42.7 to 71.2 months under the 1994 guidelines and under which the original sentence of 80 months could not have been imposed. Appellant was resentenced on December 6, 2000, to 71 months in prison with credit for time served.
Appellant now argues that because the trial court determined that victim injury points were appropriate in this case, appellant's maximum guidelines sentence was increased beyond the statutory five year maximum for his offense and under Apprendi, sentencing him to more than the statutory maximum was error.
In Apprendi, the United States Supreme Court held:
Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. With that exception, we endorse the statement of the rule set forth in the concurring opinions in that case: "[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt." [Jones v. United States, 526 U.S. 227, 252-253,] 119 S.Ct. 1215, 143 L.Ed.2d 311 (opinion of STEVENS, J.), see also id. at 253, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (opinion of SCALIA, J.).
530 U.S. at 490, 120 S.Ct. 2348 (footnote omitted).
In 1998, the Florida Supreme Court decided Mays v. State, 717 So.2d 515 (Fla. 1998). It determined that:
The interplay between the sentencing guidelines and the statutory maximums is simple. Prior to 1994, a court could not impose a guidelines sentence outside the statutory limits. The legislature, however, amended the guidelines, effective January 1, 1994, to provide that only departure sentences cannot exceed the statutory maximums. The guidelines currently provide:
Sentences imposed by trial court judges under the 1994 revised sentencing guidelines on or after January 1, 1994, must be within the 1994 guidelines unless there is a departure sentence with written findings. If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence under the guidelines must be imposed, absent a departure.
§ 921.001(5), Fla. Stat. (1995).
Id. at 516. Appellant asserts that Apprendi has effectively overruled Mays because the legislature's enactment of a statute that permits a guidelines sentence to exceed the statutory maximum cannot override the due process right in Apprendi. The state responds that Florida has a "floating" or individualized statutory maximum and the United States Supreme Court did not hold these to be unconstitutional in Apprendi.
It would be more accurate to conclude that the United States Supreme Court did not clearly address the issue of what constitutes the relevant "statutory maximum." Even if the state's assertion is correct, it does not preclude the application of Apprendi to a particular sentencing enhancement which must be considered the functional equivalent of an element of the offense.
In McCloud v. State, 741 So.2d 512 (Fla. 5th DCA 1999), on rehearing en banc, the *742 fifth district determined that in a sexual battery case where the guilty verdict does not make a finding of "penetration," the trial court correctly scored victim injury points under section 921.0024, Florida Statutes (1997), as a "sentencing factor," not an element of the offense, and therefore it was not necessary for the jury to so find before allowing it to be included in the defendant's score. McCloud was decided before Apprendi. On petition for writ of certiorari to the United States Supreme Court and after the decision in Apprendi was released, the Court issued a one paragraph opinion vacating and remanding McCloud[1] to the fifth district "for further consideration in light of Apprendi." See McCloud v. Florida, 531 U.S. 1063, 1063, 121 S.Ct. 751, 148 L.Ed.2d 654 (2001).
In Gilson v. State, 795 So.2d 105 (Fla. 4th DCA 2001), this court summarized the current state of the law as espoused in Apprendi as follows:
Due Process requires that every element of the crime charged must be proved, to a jury, beyond a reasonable doubt. Included within this requirement is the necessity for a strictly defined and easily predictable sentence directly attached to the crime: The accused must be sufficiently apprized of the consequences of his act and ensured a review of these facts by a jury of his peers. Even though the prescribed sentence must be strictly defined, there may be a provision within the sentence for a maximum and a minimum bound within which the accused must be sentenced. It is unconstitutional for a legislature to remove from the jury the examination of any facts that increase the prescribed range of penalties to which the accused is exposed. Therefore, any fact which, if proved, allows the judge to exceed the maximum bound of the prescribed sentence, must be proved to a jury, to a constitutional sufficiency. However, any fact which, if proved, provides for a higher sentence within the prescribed bounds need not be proved to a jury to a constitutional certainty. Instead, these sentencing factors may be determined by the judge by a preponderance of the evidence.
Id. at 110 (citing Apprendi, 530 U.S. at 490, 120 S.Ct. 2348). Gilson was charged with lewd and lascivious battery under section 800.04(4) which requires the state to "prove, beyond a reasonable doubt, that the accused engaged in either (1) oral, anal or vaginal penetration of the victim, (2) union with the victim's sexual organ, or (3) anal or vaginal penetration of the victim with any other object; and, that the victim was between the ages of twelve and sixteen." Id. at 111. The maximum sentence was fifteen years in prison. See § 775.082(3)(c), Fla. Stat. (1999). Gilson was found guilty of the charge but the jury did not make a finding of penetration, an alternative element of lewd and lascivious battery. At sentencing, the trial judge found that the evidence presented at trial showed that there was sufficient evidence of penetration and included points for penetration in the victim injury category. Gilson was then sentenced to 101.7 months, a term within the guidelines range. This sentence, however, was also less than the *743 statutory maximum, which this court determined took it outside the application of Apprendi and made it unnecessary for the jury to determine whether there was penetration.
In Caraballo v. State, 805 So.2d 882 (Fla. 2d DCA 2001), the second district affirmed the appeal of a summary denial of a Rule 3.800(a) motion in which Caraballo argued that the trial court erred in assessing victim injury points for a sexual battery without a jury finding of victim injury beyond a reasonable doubt under Apprendi. It was affirmed again because his sentence did not exceed the statutory maximum.
In Cameron v. State, 804 So.2d 338 (Fla. 4th DCA 2001), the defendant was convicted of six counts of manslaughter while operating a vessel under the influence of alcohol (BUI), six counts of UBAL manslaughter, one count of BUI injury, one count of UBAL injury, and other charges not relevant to this discussion. Although some of the counts were reversed in the decision and the state vacated some of the convictions, the final result in the decision left for sentencing three counts of UBAL manslaughter. In a footnote, Judge Farmer wrote:
We reject defendant's argument that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), bars any use of additional points for the death of the victims in the guidelines sentencing calculus. He contends that Apprendi requires that the death/injury enhancement itself be explicitly submitted to the jury before the court may use these additional points to increase the sentence. The short answer is that the jury's conviction on the UBAL manslaughter counts represents a sufficient jury finding to authorize an enhancement based on these additional points. Cf. Tucker v. State, 726 So.2d 768 (Fla. 1999) (jury verdict finding defendant "guilty of attempted first-degree murder with a firearm" sufficient to increase permissible sentencing range based on defendant's use of firearm, even though verdict form not technically a special verdict form).
Id. at 804 So.2d 344, n. 11.
In the instant case appellant was sentenced to a term greater than the maximum and the forty victim injury points resulted in raising the sentence above the statutory maximum. However, there are other factors which take this case outside the holding in Apprendi. Appellant in this case pled nolo contendere and admitted the facts as presented to the court at the original sentencing hearing in 1997. At that hearing appellant's plea was to the charges of DUI or UBAL with serious bodily injury. The victim was a pedestrian who was hit by appellant's car. He testified at great length about the extent of his multiple injuries which included almost having his left leg amputated. He had multiple surgeries including skin grafts and his medical bills exceeded $150,000. In addition to permanent disfiguring injuries, the victim sustained a permanent impairment which precludes his gainful employment. In Apprendi, the defendant was charged with and pled guilty to possession of a firearm for an unlawful purpose but thereafter the trial judge made a factual determination by the preponderance of the evidence that the sentence should be enhanced under a separate "hate crime" statute. The defendant was not specifically charged with the hate crime and he did not plead guilty to it.
Appellant in the instant case waived his right to a jury trial and entered his plea of nolo contendere. He admitted that he seriously injured the victim. There was substantial testimony at the original sentencing hearing and resentencing hearing *744 concerning the severity of the victim's injuries. Apprendi does not say that a defendant who pleads to a crime where he was charged with causing serious bodily injury and admits the severity of the victim's injury when he enters his plea would then be entitled to have a jury impaneled to make a factual finding beyond a reasonable doubt whether the injuries were severe, moderate or so minor as to not support any points.
On the basis of the foregoing, although appellant received a sentence in excess of the statutory maximum by pleading nolo contendere to DUI causing serious bodily injury, he waived his right to a jury finding on this issue.
AFFIRMED.
TAYLOR and MAY, JJ., concur.
NOTES
[1] Upon remand from the United States Supreme Court, the fifth district applied the 1994 sentencing guidelines and found that even including the points awarded for the judge-determined sexual penetration, McCloud's maximum potential sentence no longer reached the fifteen-year (180 months) "statutory maximum" for the crime. Under the 1994 sentencing scheme, his maximum prison score was 166 months and therefore the Apprendi issue was resolved. See McCloud v. State, 803 So.2d 821 (Fla. 5th DCA 2001).