895 So.2d 1222 (2005)
Donald F. WHALEN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-2685.
District Court of Appeal of Florida, Second District.
March 2, 2005.
*1223 George E. Tragos of Law Offices of George E. Tragos, Clearwater, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Donald F. Whalen challenges his convictions and sentences for three counts of handling and fondling a child under the age of sixteen and two counts of lewd and lascivious battery. We affirm the convictions without discussion; however, we reverse Whalen's sentences in counts two, three, and five and remand for resentencing as to those counts.
Whalen was convicted by a jury of a series of sexual acts committed against a minor. At the sentencing hearing, Whalen objected to the trial court's assessment of enhancement points for penetration under the victim injury section of the guidelines scoresheet, arguing that the information did not allege penetration in counts two, three, and five. The trial court overruled the objection and assessed the points, accepting the State's argument that this court's opinion in Lowman v. State, 720 So.2d 1105 (Fla. 2d DCA 1998), supported the imposition of the points.
Whalen was tried and convicted on a five-count information. Due to the date of the offense, the handling and fondling charge in count one was scored on a separate scoresheet. On that count, the trial court assessed points for contact but not for penetration; Whalen is not contesting that sentence.
Counts two and three charged handling and fondling, specifically alleging that Whalen placed his mouth "on or against" the penis of the victim "without committing sexual battery." Count three, however, also alleged an alternative charge of engaging the victim in "sexual activity." The jury instruction defined "sexual activity" with the alternative language of "penetration by or union with." Count four charged the offense of engaging a child in sexual activity and specifically alleged that Whalen penetrated the victim's anus with his penis. However, count five, which also alleged engaging a child in sexual activity, failed to specifically allege penetration. The jury found Whalen guilty "as charged" on each count.
*1224 At trial, the victim's testimony established penetration for each of the offenses charged in the information. Thus, the trial court's finding of penetration on each count was supported by the record. Accordingly, the issues now before this court are whether points for penetration may be assessed if the information does not allege penetration and, if so, whether the assessment of the points was proper in light of the recent United States Supreme Court decision in Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
In Dickinson v. State, 693 So.2d 55 (Fla. 5th DCA 1997), the Fifth District determined that fellatio is a type of "penetration" and that such a conviction merits the scoring of penetration points. However, in that case, Judge Antoon dissented, arguing that the record did not factually support a finding that penetration actually took place. Furthermore, the opinion did not spell out the nature of the charge or the specific wording of the information, and the sentence was pursuant to a negotiated plea. Therefore, although Dickinson supports the assessment of penetration points in cases involving fellatio, we decline to extend that ruling to cases where penetration is not specifically alleged in the information.
In Lowman, 720 So.2d at 1106, this court reviewed a sentence imposed following conviction where the information charged "penile union with or penetration of the victim's mouth." This court, noting Judge Antoon's dissent in Dickinson, concluded that the record evidenced an actual penetration of the victim's mouth and that the points should have been assessed even though the verdict form did not specify upon which finding  union with or penetration  the jury's conclusion of guilt was based. Lowman goes on to conclude that a specific jury finding is not a necessary prerequisite for the assessment of penetration points. Although the State argues that Lowman supports the trial judge's assessment of penetration points here, we disagree because that case is distinguishable from the case before us. Here, neither count two nor count three of the information allege penetration  not even in the alternative. As such, we conclude that the trial court erred in assessing penetration points for the charges of handling and fondling. Cf. Bryant v. State, 744 So.2d 1225 (Fla. 4th DCA 1999) (reversing minimum mandatory portion of sentence for attempted first-degree murder where information failed to allege that offense was committed with a firearm).
The engaging in sexual activity charges in counts three and five present a slightly different issue. Even if one were to infer that charges of penetration were included in the engaging in sexual activity charges of those counts based upon the language of the jury instruction defining sexual activity, the recent Blakely opinion precludes the assessment of penetration points. In Blakely, the United States Supreme Court ruled that a sentence may not be enhanced unless the factor that supports the enhancement is reflected in a specific finding by the jury. That is, the trial judge's finding of the existence of the factor based on his review of the evidence is no longer sufficient. If, however, the sentence imposed by the trial court could have been imposed even without the enhancement, this limitation does not apply.
Here, the jury's verdict does not reflect the findings required by Blakely. Furthermore, the offenses charged in counts two, three, and five each have a statutory maximum sentence of fifteen years. Accordingly, as a matter of law, the trial court could not impose a sentence greater than fifteen years on each count unless the scoresheet indicated a minimum sentence *1225 in excess of the statutory maximum. However, the trial court sentenced Whalen to a thirty-year sentence on each count, with all sentences to run concurrently. These sentences were based on a guidelines scoresheet that, due to the scoring of penetration points, set the minimum sentence at twenty-eight years and the maximum sentence at life in prison. If the scoresheet had included points for contact rather than penetration on these three counts, the minimum sentence under the Criminal Punishment Code would have been approximately twenty years. Since this exceeds the statutory maximum, twenty years would also be the maximum sentence. Thus, but for the scoring of the penetration points, the trial court could not have imposed the thirty-year sentences. Since the exclusion does not apply, the decision in Blakely requires a specific finding by the jury before the trial court may impose the enhanced sentence.
In summary, we conclude that the trial court erred by assessing points for penetration on counts two, three, and five because the information failed to specifically allege penetration in those counts. However, even if the information is read to allege penetration in the alternative in the engaging in sexual activity charges contained in counts three and five, Blakely now precludes the assessment of penetration points since the jury did not make specific findings of penetration. Accordingly, Whalen's sentences on counts two, three, and five must be vacated.
Affirmed in part, reversed in part, and remanded for resentencing.
WHATLEY and CASANUEVA, JJ., Concur.