PER CURIAM.
We review the summary denial of Appellant’s rule 3.800(a) motion. We reverse because the trial court did not attach record support to refute Appellant’s claim that his sentence on the third-degree felony in Marion County case number 04-2524 was illegal.
Although Appellant’s sentences on the second-degree felonies were proper because they fell within the statutory maximum, Appellant’s sentence of 80.325 months on the third-degree felony exceeded the statutory maximum for that offense. Therefore, the sentence was illegal unless his Criminal Punishment Code score authorized the sentence. The scoresheet, however, includes 80 points for penetration that Appellant asserts is a fact that was not established in compliance with Appren-di[1] and its progeny.
On remand the court shall either subtract 40 points[2] from Appellant’s score-sheet and resentence him accordingly or attach portions of the record that refute his claim.
REVERSED and REMANDED.
PALMER, TORPY and EVANDER, JJ., concur.

. Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

. Appellant argues that 40 contact points are not appropriate either, but we reject that argument. Appellant’s guilty plea to unlawful sexual activity with a minor includes the ac-knowledgement that contact occurred. See § 794.05(1), Fla. Stat. (2006); Hindenach v. State, 807 So.2d 739 (Fla. 4th DCA 2002) (where defendant pled nolo contendere to DUI causing serious bodily injury, he waived his right to a jury finding on whether the victim injury was severe).