601 So.2d 1309 (1992)
Ernst PIERRE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1564.
District Court of Appeal of Florida, Fourth District.
July 8, 1992.
Richard L. Jorandby, Public Defender, Gary Caldwell and Cherry Grant, Asst. Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michelle A. Smith, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm appellant's conviction and sentence, writing only to address appellant's second point on appeal. Under this point, Pierre argues that the trial court erred in asking questions of the witnesses on behalf of the jurors. Pierre concedes that the trial court has discretion in allowing jurors to ask questions of witnesses during trial. Strawn v. State ex rel. Anderberg, 332 So.2d 601 (Fla. 1976); Shoultz v. State, 106 So.2d 424 (Fla. 1958); Ferrara v. State, 101 So.2d 797 (Fla. 1958). Although discretion rests with the trial court, we strongly discourage trial courts from promoting jurors' questions or encouraging jurors to ask questions of witnesses. While allowing jurors to ask questions of witnesses is permissible, it is hard to discern the benefit of such a practice when weighed against the endless potential for error.
In the instant case, the court explained the procedure to be utilized should the jury have questions for a witness following examination by both counsel. In that event, written questions would be submitted to the judge who would review them in light of the evidence code. The court later explained that counsel would be given an opportunity to object to the questions at side-bar. If not objectionable, the question would be asked of the witness.
After the first witness testified, the judge allowed the jury to submit written questions. Pierre's counsel was given an opportunity to object at side-bar outside the hearing of the jury, but chose to stand before the jury to announce his objection. In other words, the procedure Pierre now complains of was not the procedure announced and implemented by the court, but rather it was a procedure defense counsel voluntarily initiated. Under these circumstances Pierre may not now assign as error a procedure he adopted in defiance of the trial court's announced procedure.
If a trial court is intent on allowing questions from jurors, we believe a better procedure would be to collect written questions from the jury, send the jury out of the courtroom, and then ask the questions aloud, allowing both counsel to object.
AFFIRMED.
*1310 POLEN and FARMER, JJ., and ALDERMAN, JAMES E., Senior Justice, concur.