722 So.2d 858 (1998)
Douglas Alphonso BRADFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4214.
District Court of Appeal of Florida, First District.
November 19, 1998.
*859 Nancy A. Daniels, Public Defender; Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
DAVIS, J.
Douglas Alphonso Bradford appeals his convictions and sentences for two counts of attempted first degree murder and one count of shooting or throwing a deadly missile. Bradford raises three issues on appeal. He argues that he is entitled to a new trial because the trial court erred by encouraging jurors to submit written questions which would be asked of witnesses if not objectionable. The State concedes that reversal is required on Bradford's second issue, because the trial court erred in imposing a three-year minimum mandatory sentence for shooting or throwing a deadly missile. Finally, Bradford argues that the court erred in assessing eighteen additional scoresheet points for possession of a firearm during the commission of a felony. We find that the trial court did not abuse its discretion by implementing the juror questioning procedure utilized in this case, and affirm the conviction. We also find that the trial court did not err in making the necessary factual determination to complete preparation of the sentencing scoresheet. However, because we find that the trial court erred in imposing a three-year minimum mandatory sentence on Count III, we reverse and remand for resentencing.
Ebeny Lockhart, the mother of Bradford's child, ended her relationship with Bradford on January 20, 1997. Two days later, Bradford followed the car Lockhart was driving into an apartment complex and parked behind her, preventing her from leaving. He used a shotgun to break in the rear window of Lockhart's vehicle. Lockhart's mother was sitting in the rear seat of the car. He then put the gun up to the driver's window and fired several shots.
Before the trial began, the trial court announced its intention to permit jurors to submit written questions for witnesses, and to then have counsel come to a sidebar conference at which objections could be voiced outside the presence of the jury. Following the conference, the judge explained, he would ask the question if it was not objectionable. The jurors in this case submitted only two questions, but neither one was asked of the witnesses.
We do not find that the trial court abused its discretion in permitting juror questioning. The Florida Supreme Court has stated that "[t]here is authority supporting the position that such procedure should be discouraged but we find that the weight of opinion is to the contrary." Ferrara v. State, 101 So.2d 797, 801 (Fla.1958). Recent opinions confirm that the trial court has discretion to implement such a procedure. See United States v. Bush, 47 F.3d 511, 514-15 (2d Cir.1995)(it is within the discretion of the trial court whether to permit direct questions by jurors, and "[e]very circuit court that has addressed this issue agrees.... State courts, moreover, have overwhelmingly placed juror questioning of witnesses within the trial judge's discretion."). See also Pierre v. State, 601 So.2d 1309 (Fla. 4th DCA 1992)(approving the procedure followed in this case). In Watson v. State, 651 So.2d 1159, 1163 (Fla.1994), cert.denied mem., 516 U.S. 852, 116 S.Ct. 151, 133 L.Ed.2d 96 (1995), the Florida Supreme Court found "no merit" to a claim that this same procedure for permitting jurors to submit questions to witnesses violated the defendant's right to an impartial jury, stating "this practice has been condoned as permissible trial procedure." Furthermore, even if the trial court erred in this case by encouraging juror questioning, it was a harmless error when only two questions *860 were sought and neither was propounded to a witness. Compare United States v. Ajmal, 67 F.3d 12 (2d Cir.1995)(reversing because extensive juror questioning detracted from the jury's role as impartial factfinder) with United States v. Thompson, 76 F.3d 442, 449-50 (2d Cir.1996)(distinguishing Ajmal and holding that in the absence of "a significant number of questions" the juror questioning procedure was a harmless error).
The state properly concedes that the trial court erred in imposing a three-year minimum mandatory sentence for the charge of shooting or throwing a deadly missile. Bradford was charged under section 790.19, Florida Statutes (1997), "Shooting into or throwing deadly missiles into dwellings, public or private buildings, occupied or not occupied; vessels, aircraft, buses, railroad cars, streetcars, or other vehicles." As the court held in Samuels v. State, 681 So.2d 915 (Fla. 4th DCA 1996), the minimum mandatory sentence provision contained in section 775.087(2) does not apply to a conviction under this statute.
We find no error in the trial court's assessment of eighteen points for possession of a firearm on Count III. On the verdict form for Count III the jury was not asked to make a finding as to whether Bradford used a firearm when "shooting or throwing a deadly missile." Such a finding was not necessary to the jury's decision. We are persuaded that the preparation of a sentencing scoresheet is materially different from the type of enhancement or mandatory minimum term at issue in State v. Hargrove, 694 So.2d 729 (Fla.1997) and State v. Overfelt, 457 So.2d 1385 (Fla.1984). We find persuasive the reasoning of our sister court in Lowman v. State, 23 Fla. L. Weekly D2329, 720 So.2d 1105 (Fla. 2d DCA 1998), which concerned the analogous situation of the assessment of victim injury points in the calculation of the guidelines sentence. As that court stated,
There are factual issues involved in the preparation of a sentencing scoresheet that must be determined by the trial judge. Thus, for example, issues concerning prior record are resolved by the judge and not by the jury. The nature and extent of victim injury are often irrelevant to the jury's decision to convict on a particular offense. We conclude that victim injury points are properly assessed based on a factual determination by the trial judge.... The trial judge cannot assess points on a scoresheet that conflict with the jury's factual findings concerning the offense. The trial judge, however, may weigh the evidence presented during the trial or consider additional evidence at the sentencing hearing in determining victim injury points.
Id. The same rationale applies to the imposition of the eighteen points for possession of a firearm during the commission of the offense.
Accordingly, we affirm the convictions but reverse and remand for resentencing in accordance with this opinion.
JOANOS and KAHN, JJ., concur.