725 So.2d 386 (1998)
Freddie R. PATTERSON, III, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4452
District Court of Appeal of Florida, First District.
December 17, 1998.
Steven L. Seliger of Garcia and Seliger, Quincy, for Appellant.
Robert A. Butterworth, Attorney General, Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant complains that the trial court erred in permitting individual jurors to ask questions of witnesses. We disagree. The supreme court has approved juror questioning of witnesses so long as the trial court controls the procedure. Watson v. State, 651 So.2d 1159 (Fla.1994). See also, Tanner v. *387 State, 724 So.2d 156 (Fla. 1st DCA 1998); Bradford v. State, 23 Fla. L. Weekly D2577, 722 So.2d 858 (Fla. 1st DCA 1998); Pierre v. State, 601 So.2d 1309 (Fla. 4th DCA 1992); Scheel v. State, 350 So.2d 1120 (Fla. 3d DCA 1977). Moreover, the overwhelming majority of state and federal jurisdictions has approved such a procedure. See Commonwealth v. Urena, 417 Mass. 692, 632 N.E.2d 1200, 1203 n. 2 (Mass. 1994) (listing courts that have approved the practice). But see Morrison v. State, 845 S.W.2d 882 (Tex.Crim. App.1992) (en banc); State v. Zima, 237 Neb. 952, 468 N.W.2d 377 (Neb.1991).
Because the court below carefully screened the written questions, considered the parties' objections outside the jury's hearing, and asked only three questions, none of which appellant has contended were impermissible or prejudicial, appellant's convictions are
AFFIRMED.
ERVIN and KAHN, JJ., CONCUR.
MINER, J., SPECIALLY CONCURS WITH OPINION.
MINER, J., specially concurring.
Because our Supreme Court has approved, at least in theory, the practice of permitting, under court control, jurors to ask questions of witnesses during a criminal trial, I am obliged to join my esteemed colleagues in this affirmance. In so doing, however, I respectfully suggest that the time may be at hand for the Supreme Court to indulge in analytical evaluation of such practice, given today's evermore complex criminal justice system and the concerns raised by Texas' highest criminal appeals court, sitting en banc, in Morrison v. State, 845 S.W.2d 882 (Tex.Crim.App.1992)(en banc) and the Nebraska Supreme Court in State v. Zima, 237 Neb. 952, 468 N.W.2d 377 (Neb.1991). Failing that, I, too, believe the practice should be discouraged or at least become the subject of a procedural rule promulgated by the court. For the time being, however, on balance the "endless potential for error" of such a practice lamented by the court in Pierre v. State, 601 So.2d 1309 (Fla. 4th DCA 1992) remains just that.