724 So.2d 156 (1998)
Michael Jerome TANNER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4169
District Court of Appeal of Florida, First District.
December 17, 1998.
Rehearing Denied January 22, 1999.
*157 Nancy A. Daniels, Public Defender, and Glenna Joyce Reeves, Assistant Public Defender, Attorney for Appellant.
Robert A. Butterworth, Attorney General, and Denise O. Simpson, Assistant Attorney General, Tallahassee, Attorney for Appellee.
PER CURIAM.
Appellant, Michael Jerome Tanner, appeals his convictions and sentences for three counts of armed robbery and one count of aggravated assault. He received a sentence of twenty-years for each of the armed robberies and one five-year sentence for the aggravated assault. The sentences were to run concurrently. Included in the sentence was the requirement of a mandatory minimum three-year incarceration because a firearm was used.[1]
Appellant claims reversible error because the trial judge permitted the jury to submit questions to him to be asked of the witnesses. We find no abuse of discretion by the trial court in the procedure used. See Ferrara v. State, 101 So.2d 797 (Fla.1958). Furthermore, any error by the trial court in inviting juror questioning was harmless under the circumstances of this case because none of the questions asked of the witnesses were erroneous or prejudicial to the outcome of the trial. See Bradford v. State, 722 So.2d 858 (Fla. 1st DCA 1998); see also United States v. Thompson, 76 F.3d 442 (2d Cir. 1996). Furthermore, we find the evidence sufficient to support the jury's verdicts on all counts and reject all other claims for reversal.
Accordingly, we affirm the convictions and sentences.
ERVIN and LAWRENCE, JJ., and MCDONALD, PARKER LEE, Senior Judge, concur.
NOTES
[1] The trial judge included the aggravated assault conviction along with the robbery convictions as a basis for the minimum sentence. This was error because the jury failed to include in its verdict a finding that a firearm was used on this count. See State v. Mancino, 714 So.2d 429 (Fla.1998). This does not affect the minimum sentence because of the remaining grounds.