MINER, J.
Although we find that the issues raised by the appellant in this appeal do not warrant reversal of his convictions and sentences for armed robbery with a firearm and causing bodily injury in the commission of a robbery, we feel obliged to address the matter of permitting jurors to question witnesses in criminal cases.[1]
For some years now, the Florida Supreme Court has countenanced the practice of trial judges in criminal cases permitting jurors to propound questions to witnesses in criminal cases. “[Ujpon appropriate occasions a trier of fact might be justified in propounding a question.... We conclude that the procedure should be one to be controlled by the discretion of the trial judge.” Ferrara v. State, 101 So.2d 797, 801 (Fla.1958); see also Watson v. 0State, 651 So.2d 1159 (Fla.1994), cert. denied, 516 U.S. 852, 116 S.Ct. 151, 133 L.Ed.2d 96 (1995). When this issue has arisen in Florida’s District Courts of Appeal, they have followed suit. See Patterson v. State, 725 So.2d 386 (Fla. 1st DCA 1998); Bradford v. State, 722 So.2d 858 (Fla. 1st DCA 1998); Pierre v. State, 601 So.2d 1309 (Fla. 4th DCA 1992); Scheel v. State, 350 So.2d 1120 (Fla. 3d DCA 1977). We note that in each of the cases cited above, the court spoke of a controlled procedure in place in the trial court to deal with the matter when it arose. In the case at hand, there was no controlled procedure established for dealing with juror questions. In so observing, we imply no criticism of the able trial judge below who, like the attorneys involved, was obviously taken aback when the situation arose.
*642 Without presuming to suggest a standard, controlled procedure of general applicability to deal with juror questioning of witnesses, we would respectfully urge the Florida Supreme Court to adopt a procedural rule to address the matter, lest the “endless potential for error” of such a practice, as lamented by the Fourth District Court of Appeal in Pierre, should become a reality.
Appellant’s convictions and sentences are affirmed.
ERVIN and BROWNING, JJ., CONCUR.

. In 1999, the Florida Legislature enacted a provision allowing jurors in a civil trial to submit written questions which are then considered outside the presence of the jury. See secs. 40.50(3) and (4), Fla. Stat. (1999). No similar provision was made for juror questioning in criminal cases.