842 So.2d 999 (2003)
Clyde HINES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4628.
District Court of Appeal of Florida, Second District.
April 16, 2003.
*1000 FULMER, Judge.
Clyde Hines appeals the summary denial of his motion to accredit jail time filed pursuant to Florida Rule of Criminal Procedure 3.800. We affirm in part and reverse in part.
Hines claims that he is entitled to 109 days' jail credit. The trial court awarded him fifty-five days, but the record shows that Hines is entitled to fifty-six days' credit. We reverse and remand for the trial court to award Hines the appropriate jail credit.
It appears that the additional days Hines seeks were served when he spent time in jail from the date of sentencing until he was placed into the custody of the Department of Corrections. The Department of Corrections is responsible for computing a defendant's credit for time spent in county jail after sentencing, while awaiting a transfer to a state prison. Washington v. State, 662 So.2d 1027, 1028 (Fla. 5th DCA 1995). Hines should therefore pursue his administrative remedies and then seek a writ of mandamus against the Department of Corrections if he is dissatisfied with the outcome. Id.; see also Reynolds v. State, 590 So.2d 1043 (Fla. 1st DCA 1991). Therefore, we affirm the trial court's denial of the credit sought for time served post sentencing. Our affirmance in this case is without prejudice to Hines' pursuit of such an administrative remedy.
Affirmed in part, reversed in part, and remanded.
SILBERMAN and COVINGTON, JJ., Concur.