870 So.2d 198 (2004)
Anthony SANTIAGO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-2356.
District Court of Appeal of Florida, Third District.
March 10, 2004.
Rehearing Denied April 7, 2004.
Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Marni A. Bryson, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and COPE and SHEVIN, JJ.
*199 PER CURIAM.
Anthony Santiago appeals his conviction for burglary of a conveyance. We affirm.
Defendant-appellant Santiago asserts that his motion for mistrial should have been granted. During the testimony of the lead detective, the following transpired:
Q I'm going to be brief, let's just cut to the chase, did you at some point in time have an opportunity to take DNA evidence from the defendant in this case.
A I did.
Q Would you please tell the jury about that?
A I'm not exactly sure of the day, but I responded to a court order to swab the defendant for DNA.
Q Okay. Why don't you tell the jury what happened when you arrived, was it at the jail?
A At the jail correct.
Q Okay. When you arrived at the jail
[Defense Counsel]: Your Honor, I'm going to object, and I have a motion to be made.

* * *
[Defense Counsel]: The defense, Your Honor, strenuously objects, and we ask that a mistrial be granted. I believe that the question by the prosecutor, and now that I heard it for the second time,[*] the answer by the Detective has prejudiced this jury against this defendant. Especially when he's saying, I don't know when I went to the jail. All those facts together add up to one, and one conclusion on behalf of the defense, they heard something they shouldn't have heard, and it's highly prejudicial to this defendant and a mistrial should be granted.
TR. 485-87.
The court sustained the objection and offered two alternatives for a curative instruction: (1) instruct the jury that the jail is one of the DNA testing facilities and that they are not to imply that the defendant was being held in custody at the time of the testing, or (2) instruct the jury to disregard the question. While maintaining that only a mistrial would suffice, the defense opted for the latter instruction, which the court gave.
"A ruling on a motion for a mistrial is within the sound discretion of the trial court and should be `granted only when it is necessary to ensure that the defendant receives a fair trial.'" Rivera v. State, 859 So.2d 495, 512 (Fla.2003) (quoting Gore v. State, 784 So.2d 418, 427 (Fla.2001)). The trial court's ruling in this case was within its discretion.
The most likely interpretation by the jury would have been that the defendant was incarcerated on this case because he had been unable to make bail. This was an isolated reference in a four-day trial. The judge promptly sustained the objection and gave a curative instruction. We think the curative instruction was sufficient and agree with the trial court that a mistrial was not required. See Rivera, 859 So.2d at 511-12 (mistrial not required where juror was heard to comment, "I think he did it."); Gore v. State, 784 So.2d at 427-28 (mistrial not required where question brought out that defendant had an "intimate relationship" with a thirteen-year-old girl); Cole v. State, 701 So.2d 845, 853 (mistrial not required where witness referred to defendant's "history" which could be interpreted as referring to defendant's prior criminal history); Spencer v. *200 State, 645 So.2d 377, 382-83 (Fla.1994) (mistrial not required where prosecutor made isolated reference to fact (not in evidence) that the victim carried a rifle around her house because she was afraid of the defendant).
The defendant also argues that the trial court erred by classifying the defendant as both a habitual violent felony offender and a violent career criminal. We decline to reach this issue because it was not raised in the trial court at sentencing or by a motion to correct sentence under Florida Rule of Criminal Procedure 3.800(b). See Brannon v. State, 850 So.2d 452, 458 (Fla.2003). This ruling is without prejudice to the defendant to file an appropriate postconviction motion.
Affirmed.
NOTES
[*] The trial court excused the jury and had the testimony read back.