907 So.2d 1288 (2005)
Mike McGLOCKLIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-3169.
District Court of Appeal of Florida, Third District.
August 10, 2005.
*1289 Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Lucretia A. Pitts, Assistant Attorney General, for appellee.
Before COPE, C.J. and FLETCHER and RAMIREZ, JJ.

ON MOTION FOR REHEARING AND/OR CLARIFICATION GRANTED
FLETCHER, Judge.
The opinion filed May 18, 2005 is withdrawn, and the following is substituted in its place.
Mike McGlocklin appeals his convictions and sentences for attempted first degree murder, first degree arson, attempted felony murder, and two counts of child abuse. For the reasons which follow, we affirm in part and reverse in part.
*1290 The charges against McGlocklin arose from an incident which occurred on the night of June 17, 2000. While their children were sleeping in a separate bedroom, McGlocklin and his wife began to argue. According to the wife, McGlocklin became enraged, threw a bowl of gasoline on her, and set her on fire with a match. Under McGlocklin's version of events, the fire started when he was transferring gasoline from one container to another while smoking and his wife was injured when she bumped into him as he was trying to put out the fire. The case was tried before a jury which found McGlocklin guilty of all charges against him. McGlocklin was subsequently sentenced to life for the attempted first degree murder, arson, and attempted felony murder, and to ten years for the two counts of child abuse to run concurrently.
First, McGlocklin claims the lower court committed reversible error in allowing jury questions. Before beginning the trial, the judge informed the jury that they would have the right to ask questions of all the witnesses. Thereafter, at the end of each witness' testimony, the judge asked the jury if they had any questions for that witness. McGlocklin generally contends that this procedure denied him a fair trial. The establishment of a procedure for jury questioning of witnesses is within the trial judge's discretion. Ferrara v. State, 101 So.2d 797 (Fla.1958); see also Bradford v. State, 722 So.2d 858 (Fla. 1st DCA 1998). The trial court, therefore, did not abuse its discretion in allowing jury questions during McGlocklin's trial.
More specifically, McGlocklin claims he was harmed by two questions directed to him by the jury. At the conclusion of his testimony, one juror asked that McGlocklin be ordered to display his arms to see if he had any burn marks. The trial court ordered the defendant to do so, and that ruling was within the court's discretion.
A second juror wanted to know if McGlocklin had visited his wife in the hospital after the incident. This, McGlocklin argues, improperly forced him to disclose he was in jail at the time as the reason for his failure to visit. As a general rule, questions should not be allowed which disclose the defendant's incarceration status prior to trial. See Snipes v. State, 733 So.2d 1000 (Fla.1999); Santiago v. State, 870 So.2d 198, 199-200 (Fla. 3d DCA 2004), and cases cited therein. Thus, if there had been a clear objection, the objection should have been sustained. However, in the sidebar discussion of this juror question, defense counsel stated that the defendant would have visited his wife except for the fact that he was incarcerated. The defense then appears to have accepted the trial court's suggestion that the defendant so testify, and overruled the State's objection that this would be improperly self-serving testimony. Thus, the objection to this particular question is not preserved for appellate review. See Johnston v. State, 497 So.2d 863, 869 (Fla.1986) (holding that objection made without the required specificity did not apprise the trial court of error or preserve the objection for appellate review); Ferguson v. State, 417 So.2d 639, 642 (Fla.1982). Assuming arguendo that the issue was properly preserved for appellate review, the trial court's ruling was harmless beyond a reasonable doubt. The defendant answered the question by stating, in part, "No, I didn't go to see my wife because they took me to jail immediately. But my wife came to see me while I was in jail. If *1291 I tried to kill her why would she come to see me[?]" TR. 558 It appears that the defense made the tactical decision that it would be better to allow the defendant to answer the question as he did, even though the question was objectionable. In any event, the question and answer were harmless under the circumstances of this case. See Tanner v. State, 724 So.2d 156 (Fla. 1st DCA 1998) (finding any error in inviting juror questioning harmless where questions asked of the witnesses were not prejudicial to the outcome of the trial).
McGlocklin's second point on appeal is that his conviction for both attempted first degree murder and attempted felony murder of his wife violates double jeopardy. In Gordon v. State, 780 So.2d 17 (Fla.2001), the court recognized that convictions for attempted murder and attempted felony murder are impermissible where, as here, a single act and a single victim are involved. See also Jackson v. State, 868 So.2d 1290 (Fla. 4th DCA 2004); Deangelo v. State, 863 So.2d 374 (Fla. 1st DCA 2003); Tucker v. State, 857 So.2d 978 (Fla. 4th DCA 2003). We therefore remand to the trial court for vacation of the attempted felony murder conviction and affirm all other convictions.
Reversed in part, affirmed in part, and remanded for further proceedings consistent with this opinion.