907 So.2d 1288 (2005)
Mitchell LADSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-2044.
District Court of Appeal of Florida, Second District.
August 10, 2005.
PER CURIAM.
Mitchell Ladson appeals the circuit court's denial of his pro se motion for additional jail credit. We reverse the denial of the motion and remand for the circuit court to strike the motion as unauthorized since Ladson's direct appeal of his judgment and sentence is still pending in this court.
A motion for additional jail credit is normally a motion authorized by Florida Rule of Criminal Procedure 3.800(a). Hines v. State, 842 So.2d 999, 1000 (Fla. 2d DCA 2003). However, rule 3.800(a) prohibits the filing of such a motion during the pendency of a direct appeal. See Day v. State, 770 So.2d 1262 (Fla. 1st DCA 2000) (holding that effective January 13, 2000, a party may not file a rule 3.800(a) motion during the pendency of a direct appeal).
Because Ladson filed his motion during the pendency of the direct appeal of his judgment and sentence, Ladson's motion was unauthorized. Therefore, the order of the circuit court denying the motion must be reversed and, on remand, the motion should be stricken as unauthorized. However, once this court decides Ladson's direct appeal and issues a mandate, if Ladson seeks further relief, he may file a rule 3.800(a) motion raising the same issue.
Reversed and remanded.
ALTENBERND, CASANUEVA, and SILBERMAN, JJ., Concur.