SUAREZ, J.
Hector Dario Trellez appeals his conviction and sentence for second degree murder, a lesser included offense. We affirm.
The only contested issue at trial was whether the defendant was guilty of manslaughter or of first degree murder. The testimony at trial from Mr. Trellez was that he and the victim had dated for eight years. He discovered that she had been seeing other men. He went to work with her one evening and, during an encounter in a parking lot, strangled her. After deliberations, the jury found him guilty of second degree murder, a lesser included offense.
Mr. Trellez claims on appeal that the trial judge’s procedure at trial which allowed jurors to ask questions of each witness, including the defendant, after each witness testified denied him a fair trial. Before starting the trial, the judge gave detailed instructions to the jury concerning the procedure to be followed for jurors to ask questions. Basically, after each witness testified, the judge would ask the jurors if they had any questions of that witness. Juror questions would be submitted sidebar in writing to the court. The attorneys would then have the opportunity to make objections to the individual questions and the trial judge would rule on the objections. If a juror’s question were asked of the witness, the attorneys would be allowed to ask follow-up questions.
This court has previously held that the procedure established by this trial judge is within the trial judge’s discretion and is not an abuse of discretion. See McGlocklin v. State, 907 So.2d 1288 (Fla. 3d DCA 2005), and cases cited. The juror questions specifically asked of the defendant were not properly objected to or preserved for appellate review and were harmless beyond a reasonable doubt. Therefore, we find that the trial judge’s procedure was not an abuse of discretion, and Mr. Trellez was not denied a fair trial. We affirm the conviction and sentence.
Affirmed.