SUAREZ, J.
Armando Jimenez appeals his convictions and life sentences for armed burglary with assault, armed robbery with a firearm and two counts of attempted first-degree murder. We affirm the convictions and sentences.
The two victims, Blanca D’Armidore and Martin Ricon, testified at trial that, on the morning of the incident, D’Armidore awoke at 6:00 a.m. to feed her dogs. Ri-con, with whom she shared a house, got up to watch television. Ricon testified that Jimenez, whom both victims had met about a month prior, appeared in the house with a gun in hand, yelled at Ricon to throw himself on the floor and demanded money. Ricon lay on the ground and Jimenez shot him in the head. D’Armidore then entered the room and saw Ricon on the floor bleeding and saw Jimenez in the room. Jimenez then instructed her to throw herself on the ground. He shot her in the face and stabbed her with a knife. Both victims survived and identified Jimenez to the police and at trial. The defendant lived in the vicinity of the victims’ home, and neither he nor his son could verify his whereabouts during the hours that the incident occurred. The defendant denied the incident. The jury found Jimenez guilty on all counts and he was sentenced to natural life.
Jimenez’s first point on appeal is that the trial court committed reversible error by soliciting the jurors to ask questions of the witnesses and defendant after each testified. Jimenez does not find fault with the fact that the jurors were allowed to ask questions, but with the fact that the trial court enlisted questions from the jurors after each witness.[1] This court has previously held that the procedure used by this judge for jurors to ask questions, including the judge asking the jurors after each witness if the jurors have any questions, is not an abuse of discretion. See Trellez v. State, 909 So.2d 463 (Fla. 3d DCA 2005); McGlocklin v. State, 907 So.2d 1288 (Fla. 3d DCA 2005). The Florida Supreme Court has declined to revisit this issue on appeal. See Watson v. State, 651 So.2d 1159 (Fla.1994). Once again, we hold that the trial court’s procedure is not an abuse of discretion. Additionally, we find that the five questions asked by jurors *510 of Jimenez, and the answers given, were not prejudicial to the outcome of the trial and, therefore, the procedure was harmless. See Tanner v. State, 724 So.2d 156 (Fla. 1st DCA 1998)(finding any error in inviting jury questioning harmless where questions were not prejudicial to the outcome of the trial).
Jimenez’s second point on appeal is that the trial court erred in giving Florida Standard Criminal Jury Instruction 2.04(e).[2] Jimenez claims he was prejudiced by this instruction as it instructed the jury to weigh with great care his testimony at trial. Jimenez failed to object to the giving of the instruction at trial. Jury instructions are subject to the contemporaneous objection rule and, if not objected to timely, can only be raised on appeal if fundamental error occurred. See Archer v. State, 673 So.2d 17, 20 (Fla.1996). Fundamental error is “error [which reaches] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” State v. Delva, 575 So.2d 643, 644-45 (Fla.1991)(quoting Brown v. State, 124 So.2d 481, 484 (Fla. 1960)). Jimenez’s appeal on this issue is barred, as it was not properly preserved for review and the alleged error is not fundamental. On the merits, the instruction was not harmful to the defendant or his defense. The instruction refers to out-of-court statements made by the defendant to another witness. It does not refer to in-court statements of witnesses or to the in-court statement of Jimenez.[3] The error, if any, in giving this instruction was harmless. Given the evidence at trial, any error in giving this instruction did not reach down into the validity of the trial to the extent that the guilty verdicts could not have been obtained without this alleged error. We also reject Jimenez’s argument first brought in this direct appeal that his counsel was ineffective in not objecting to the giving of this instruction. The jury was not instructed to disregard or consider cautiously the defendant’s trial testimony, but to consider his trial testimony in the same regard as the other witnesses. The facts giving rise to this claim of error in the jury instruction are not apparent on the face of the record. Therefore, the argument of ineffective assistance of counsel cannot be brought on direct appeal. Mizell v. State, 716 So.2d 829, 830 (Fla. 3d DCA 1998)(ineffectiveness claims may not be brought on direct appeal when the facts giving rise to the claim are not apparent on the record).
For the above reasons, we affirm the convictions and sentence.

. Jimenez did not object to the procedure for juror questioning at trial and did not object to the questions asked by the jurors at trial.

. Florida Standard Criminal Juiy Instruction 2.04(e) provides:
A statement claimed to have been made by the defendant outside of court has been placed before you. Such a statement should always be considered with caution and be weighed with great care to make certain it was freely and voluntarily made. Therefore, you must determine from the evidence that the defendant's alleged statement was knowingly, voluntarily, and freely made.
In making this determination, you should consider the total circumstances, including but not limited to:
1. Whether, when the defendant made the statement, he had been threatened in order to get him to make it, and
2. Whether anyone had promised him anything in order to get him to make it. If you conclude the defendant’s out-of-court statement was not freely and voluntarily made, you should disregard it.
Fla. Std. Jury Instr. (Crim.) 2.04(e).

. The jury was also instructed that "[t]he defendant in this case has become a witness. You should apply the same rules to consideration of his testimony that you apply to the testimony of other witnesses.”