PADOVANO, J.
Among other arguments presented in this criminal appeal, the defendant contends that the trial court erred in denying his request to adjourn the trial until the next day. We have no reason to find fault with this decision. The jurors expressed a preference to continue with their deliberations late into the evening, and the record shows that the trial judge was careful to ensure that they were able to give the case their full attention. Because we find no merit in the defendant’s argument on this point or in any of the other arguments made in the appeal, we affirm.
The state accused the defendant, Danny Green, of committing sex crimes against two young women, one of them a minor. As to the adult victim, the defendant was charged with a single count of sexual battery; as to the minor, he was charged in three counts with the crimes of sexual battery, unlawful sexual activity with a minor and promoting an unlawful sexual performance by a child. The events began in the same way as to each victim. The defendant was a photographer, and the victims were models who agreed to pose for him in the nude in what the defendant has referred to as photo shoots or casting sessions.
Although the offenses were alleged to have been committed against the two victims on different dates, the charges were consolidated for a single trial, at the defendant’s request. Counsel for the state informed the trial judge that the case could be completed in one day and counsel for the defense agreed. When the jurors came into the courtroom, the judge who presided over jury selection told the jurors that the case would last one day. A different judge presided over the trial itself.
The trial progressed slowly, and, at approximately 4:00 p.m., the trial judge asked the lawyers if they had previously informed the jurors that they might be required to serve more than one day. They both said they had not. At that point, the judge and the lawyers attempted to determine the amount of time that would be needed to complete the trial. The state had nearly finished its case by then, but the defendant was planning to testify and additional time would also be needed for a jury instruction conference, the closing arguments, the delivery of the jury charge, and the jury deliberations.
Defense counsel expressed her concern that the jury would not have enough time to review all of the evidence if they were required to work late into the evening, which she argued would be a disadvantage to the defendant. To address this concern, the trial court asked the jurors if any of them would have a conflict if the trial were to resume the next day. Two jurors stated that they would have some difficulty returning the next day because they had work obligations. The trial court then gave the jurors an opportunity to go back to the jury room to contact their employers. Following a brief recess, the jurors informed the trial judge that they wished to stay and complete the trial that evening.
Defense counsel then asked the judge to go against the wishes of the jury and continue the trial until the next day. The trial judge indicated that if the jurors were able to give the case their full attention, he was not going to make them come back the next day against their will. The jury then returned to the courtroom and the trial resumed.
The closing arguments were concluded at 9:20 p.m. At that time, the trial judge asked the jurors if they would like to come *964 back the next day at 6:00 p.m. for deliberations. This accommodation would avoid the employment conflicts the two jurors had spoken of earlier. The jurors informed the court that they wished to proceed that evening and the trial judge allowed them to begin their deliberations. Several hours later, at approximately 11:40 p.m., the trial judge called the jurors back into the courtroom and again asked them if they were still in the mental state to continue with deliberations. The jurors responded that they were.
Shortly after midnight, the jury returned its verdicts. On the primary charge of sexual battery in each case, the defendant was found guilty of the lesser included crime of attempted sexual battery. On the additional charges relating to the younger victim, the defendant was found guilty as charged of promoting an unlawful sexual performance by a child and not guilty of unlawful sexual activity with a child. The defendant was sentenced to a term of imprisonment to be followed by a term of sexual offender probation and he now appeals to this Court.
We begin with the standard of review. Trial courts have discretion to resolve issues relating to the course and conduct of a criminal trial. See Owen v. State, 773 So.2d 510 (Fla.2000). Whether a trial should be adjourned for the day or continued into the evening is a decision that falls within this general class of discretionary decisions. See Woodel v. State, 804 So.2d 316 (Fla.2001). A scheduling issue such as this is resolved not by the application of a rule of law, but rather by the exercise of good judgment.
In the present case the trial judge carefully weighed all of the options and made a decision to proceed with the trial late into the evening. Under the circumstances, we have no reason to disagree with the trial judge, much less conclude that he abused his discretion. The trial judge determined that the jurors were able to give the case their full attention before he granted their request to stay and complete the trial.
The defendant relies heavily on the decision of the Fourth District Court of Appeal in Ferrer v. State, 718 So.2d 822 (Fla. 4th DCA 1998), but that case does not support a reversal here. The decision in Ferrer is distinguishable, and much of the opinion is dicta that was intended as guidance for lawyers and judges in the Fourth District. The Ferrer case is similar in some respects but it is more about a defense lawyer’s ability to provide adequate legal representation. The jury selection in that case did not begin until 7:30 p.m. Defense counsel had been ordered to remain in court to observe the jury selection proceedings in all of the other cases, and by then he was not physically able to proceed. He objected on the ground that he was too fatigued to serve as competent counsel and, as the appellate court noted, there was nothing in the record to contradict that representation. In contrast, the jury selection in this case began at 8:00 a.m., and the opening statements followed a short time later. Defense counsel did not argue that she was unable to provide adequate legal representation, and it does not appear that her performance was affected in any way by the court’s decision to proceed with the trial.
The defendant argues that he was prejudiced because the jurors were forced to rush to a conclusion, but there is nothing in the record to support that assertion. The trial judge asked the jurors if they were still capable of giving the case their full attention, and they said that they were. He was able to observe the jurors and was therefore in the best position to determine whether they were able to continue. Moreover, the jury verdicts finding the defendant guilty of lesser included of *965 fenses on both of the primary charges and not guilty on one of the remaining charges suggests that the jurors did, in fact, give careful attention to the evidence and the arguments.
We would affirm for these reasons alone, but one other point worth mentioning here is that the defendant bears some responsibility for the fact that the trial was not concluded until late in the evening. The trial judge set aside one day based on the lawyers’ representations that the case would take one day. Prospective jurors were asked if they could serve that day, but they were not asked, until it was much too late, whether they would be able to return for a second day. In these circumstances, it should come as no surprise that the jurors wished to stay and complete the trial that evening.
Surely the lawyers must have known that this case was not the only one the trial judge would be required to try that week. They should have been more realistic about them estimate of the time required. When lawyers grossly underestimate the time that will be needed to compete a jury trial, as they did here, that leaves the trial judge with few good options. The trial judge must either decide to work into the evening or adjourn the case until the next day, which might intrude on the jurors’ schedules and the schedules of other lawyers, witnesses and jurors who were scheduled to appear in court for another trial.
Some courts have discouraged the practice of continuing a trial late into the evening. See Ferrer, 718 So.2d at 826; Shultheis v. Gotlin, 919 So.2d 546 (Fla. 5th DCA 2005). We join in this sentiment. However, it is important to recognize that sometimes it will be necessary to keep a jury beyond the normal hours. Those who work in the criminal court system know that it is not a nine-to-five job. The course of a criminal trial is not always easy to predict and sometimes, even with the best planning, it will be necessary to keep a jury late. This is certainly acceptable so long as the trial judge determines that the defendant will receive a fair trial.
For these reasons, we conclude that the trial court did not err in denying the defendant’s request to adjourn the case until the next day. Although we have not addressed all of the defendant’s arguments here, we have considered them all and we have concluded that they are without merit.
Affirmed.
ALLEN and LEWIS, JJ., concur.