VAN NORTWICK, J.
The State Attorney for the Second Judicial Circuit seeks a petition for a writ of certiorari or, in the alternative, a writ of prohibition. By his petition, the State Attorney, Willie Meggs, seeks to overturn an order entered by the Honorable Charles W. Dodson in the above-styled cause. The order at issue requires the Office of the State Attorney to prepare proposed jury instructions and to submit them to the trial court on the day prior to the commencement of trial in cases pending before Judge Dodson. Because, in entering this order, the trial court did not depart from the essential requirements of the law and did not exceed its jurisdiction, we deny relief.
*12 Certiorari is an extraordinary remedy that is available only in a limited class of cases. State v. Smith, 951 So.2d 954, 956 (Fla. 1st DCA 2007). Further, a writ of certiorari is to be granted only if a trial court commits an error so serious that it amounts to a miscarriage of justice. Id. at 957; and see State v. Pettis, 520 So.2d 250 (Fla.1988). A writ of prohibition is to be granted only when it has been shown that a lower court is without jurisdiction or is attempting to act in excess of jurisdiction. English v. McCrary, 348 So.2d 293, 296 (Fla.1977); Mandico v. Taos Constr., Inc., 605 So.2d 850, 854 (Fla.1992).
Petitioner argues that the trial court’s order is a departure from the essential requirements of law and is an act in excess of the trial court’s jurisdiction. We disagree. As a general matter, a trial court has considerable discretion to resolve issues relating to the course and conduct of a criminal trial. See Owen v. State, 773 So.2d 510 (Fla.2000); Green v. State, 951 So.2d 962 (Fla. 1st DCA 2007). Thus, appellate courts traditionally do not interfere with a trial court’s management of its own courtroom. See Ferrer v. State, 718 So.2d 822, 825 (Fla. 4th DCA 1998). By entering the order at issue, the trial court certainly did not depart from the essential requirements of law as a circuit court plainly has the power to create standing procedural orders directing the conduct of litigation in his or her own courtroom. Owen; Green; and see generally McGlocklin v. State, 907 So.2d 1288 (Fla. 3d DCA 2005); Tanner v. State, 724 So.2d 156 (Fla. 1st DCA 1998); Black v. State, 630 So.2d 609 (Fla. 1st DCA 1993).
Petitioner also argues that Judge Dodson’s order is contrary to the Florida Rules of Criminal Procedure, particularly rule 3.390. We cannot agree. The rules of criminal procedure do not preclude the order at issue here. Rule 3.390 requires a judge to orally and in writing instruct the jury on the law of the case at specified times throughout the trial. While the rule requires the jury to be instructed by the trial court, this rule certainly does not preclude the trial court’s consideration of proposed instructions prepared by one of the litigants.
Petitioner argues further that the trial court’s order is an administrative order, rather than a court rule, under the Florida Rules of Judicial Administration. He reasons that, while a trial court has the authority to enter a court rule, only the chief judge of a circuit may enter an administrative order for the circuit. Again, we cannot agree. The term “court rule” is defined in rule 2.120 as a “rule of practice of procedure adopted to facilitate the uniform conduct of litigation applicable to all proceedings, all parties, and all attorneys.” The order at issue plainly sets a practice of procedure for the uniform conduct of criminal litigation in Judge Dodson’s courtroom. As this order is a matter within the broad discretion accorded to a trial court over courtroom management, it is not vio-lative of the rules of judicial administration and is consistent with a trial court’s broad discretion regarding courtroom management.
Petitioner relies heavily on State, Department of Juvenile Justice v. Soud, 685 So.2d 1376 (Fla. 1st DCA 1997). Soud is plainly inapposite. The challenged order in Soud purported to apply to the conduct of all proceedings in the Juvenile Division of the Fourth Judicial Circuit and required the Department of Juvenile Justice, an executive branch agency, to prepare risk assessment instruments in accordance with factors that were inconsistent with the factors outlined in the applicable Florida statute. Judge Soud’s order, unlike Judge Dodson’s order here, was intended to have *13 application outside of his individual courtroom. Furthermore, the order at issue in Soud attempted to legislate and violated the separation of powers because it sought to compel an executive branch agency to take actions in derogation of statutes enacted by the legislature. Id. at 1378-80. Judge Dodson’s order prescribes procedure solely with respect to a core judicial function and does not implicate the separation of powers doctrine.
Because the order of the trial court does not depart from the essential requirements of law and does not exceed the authority of the trial court, the petition for extraordinary relief is DENIED.
WETHERELL, J., Concurs and MAKAR, J., Specially Concurs with Written Opinion.